IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA ATCHLEY *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ASTRAZENECA UK LTD., *et al.*, <br><br> Defendants. | Case No. 1:17-CV-02136 (RJL) |

**DEFENDANTS' FIRST NOTICE OF SUPPLEMENTAL AUTHORITY**

Two recently decided Anti-Terrorism Act ("ATA") cases—both granting motions to dismiss—reaffirm the rigor of the statute's proximate cause standard. *Brill v. Chevron Corp.* held that even providing kickbacks to a state slush fund used *solely* for illegitimate purposes, including terrorism, does not establish proximate cause under the ATA. No. 15 Civ. 4916, 2018 WL 3861659, at *2 (N.D. Cal. Aug. 14, 2018) (Ex. 1). And *Gonzalez v. Google* held that the fungible nature of money does not supplant the requirement of a *direct connection* between the defendant's acts and the plaintiff's injury. No. 16 Civ. 3282, 2018 WL 3872781, at *16 (N.D. Cal. Aug. 15, 2018) (Ex. 2). Both *Brill* and *Gonzalez* support the D.C. Circuit's recent holding in *Owens v. BNP Paribas, S.A.*, 897 F.3d 266, 276 (D.C. Cir. 2018), that proximate cause requires a direct connection between a defendant's alleged tortious conduct and a plaintiff's injury. *Brill* also held that allegations of recklessness cannot sustain a claim for aiding and abetting under the ATA. *Brill*, 2018 WL 3861659, at *3.

The ATA claims in *Brill* centered on alleged illegal kickbacks that Chevron paid to Saddam Hussein in exchange for Iraqi oil at a time when Hussein's record of supporting terrorism was widely known. *Id.* at *1–2. The plaintiffs alleged that these kickbacks flowed through intermediaries into a slush fund, which was in turn used for many illegitimate purposes, including state-sponsored terrorism. *Id.* at *2. The court noted that the plaintiffs "d[id] not allege that Chevron's kickbacks were solicited or designated in any way to bankroll the terrorist activities that injured them," nor did they offer any "facts indicating that Chevron's money somehow retained its identity and cohesiveness as it traveled" to their attackers. *Id. Brill* held that at most they "allege[d] . . . that Chevron contributed funds to an evil empire" that also received support from many other sources. *Id.* That was not enough to state a claim. *Id.* Rather, *Brill* held that "holding Chevron liable under the ATA only for doing business, albeit illegally, with a rogue state would extend the scope of the statute far beyond Congress's mandate." *Id.*

The ATA claims in *Gonzalez* involved Google's alleged sharing of advertising revenue with members of ISIS. *Gonzalez*, 2018 WL 3872781, at *3, *13–16. The *Gonzalez* plaintiffs argued that revenues shared with ISIS were fungible, thus supporting ISIS's terrorist attacks either directly or by freeing up its other funds. *Id.* at *16. The court rejected this argument. *Id.* In doing so, it reaffirmed that the "money is fungible" doctrine is not limitless, and affirmed that "the fact of fungibility does not modify the causal requirement imposed by the ATA's 'by reason of' element." *Id.* (citing *Fields v. Twitter*, 881 F.3d 739, 749 (9th Cir. 2018)). The court held that the plaintiffs' failure to "allege any direct causal connection" between the shared advertising revenue and the attack that injured them foreclosed their claims. *Id.* The court also rejected the plaintiffs' argument that merely "facilitat[ing] [ISIS'] growth and ability to plan and execute

terrorist attacks" through the provision of YouTube access constituted proximate cause. *Id.* (quoting *Fields*, 881 F.3d at 750).

Finally, *Brill* also clarified the scienter required to sustain an aiding and abetting claim under the ATA. *Brill*, 2018 WL 3861659, at *3. The court reaffirmed that it was not enough to allege that Chevron "should have known" that its alleged kickbacks could "contribut[e] to terrorism and chose to ignore the possible consequences" *Id.* Rather, it held that this was merely an allegation of *recklessness*. And it reaffirmed that the statute requires *knowledge*—not recklessness—to establish aiding and abetting liability. *Id.*

Dated:  September 12, 2018                                                                 Respectfully submitted,


Dated:  September 12, 2018

Respectfully submitted,

/s/ John B. Bellinger
John B. Bellinger III (D.C. Bar No. 405059)
David J. Weiner (D.C. Bar No. 499806)
Robert A. DeRise (D.C. Bar No. 1005355)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, DC 20001
(202) 942-5000
john.bellinger@arnoldporter.com

/s/ Neil H. MacBride
Neil H. MacBride (D.C. Bar No. 439137)
Kenneth J. Wainstein (D.C. Bar No. 451058)
DAVIS POLK & WARDWELL LLP
901 15th Street, N.W.
Washington, DC 20005
Tel: (202) 962-7030; Fax: (202) 962-7118
neil.macbride@davispolk.com

Robert Reeves Anderson (D.C. Bar No. 994989)
ARNOLD & PORTER KAYE SCHOLER LLP
370 Seventeenth Street, Suite 4400
Denver, CO 80202-1370
(303) 863-2325
Reeves.Anderson@arnoldporter.com

Paul S. Mishkin (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Tel: (212) 450-4292; Fax: (212) 701-5292
paul.mishkin@davispolk.com

*Counsel for Defendants GE Healthcare USA Holding LLC, GE Medical Systems Information Technologies, Inc., and GE Medical Systems Information Technologies GmbH*

*Counsel for Defendants AstraZeneca Pharmaceuticals, LP and AstraZeneca UK Limited*

/s/ Jeh C. Johnson
Jeh C. Johnson (D.C. Bar No. 461627)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7300
jjohnson@paulweiss.com

John F. Baughman (D.C. Bar No. NY0254)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
jbaughman@paulweiss.com

*Counsel for Defendants Johnson & Johnson, Cilag GmbH International, Ethicon Endo-Surgery, LLC, Ethicon, Inc., Janssen Ortho LLC, Janssen Pharmaceutica NV, Johnson & Johnson (Middle East) Inc., and Ortho Biologics LLC*

/s/ Joseph G. Petrosinelli
Joseph G. Petrosinelli (D.C. Bar No. 434280)
Christopher N. Manning (D.C. Bar No. 464069)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000
jpetrosinelli@wc.com

*Counsel for Defendants Pfizer Inc., Pfizer Enterprises SARL, Pfizer Pharmaceuticals LLC, Pharmacia & Upjohn Company LLC, and Wyeth Pharmaceuticals Inc.*

/s/ John E. Hall
John E. Hall (D.C. Bar No. 415364)
Beth S. Brinkmann (D.C. Bar No. 477771)
David M. Zionts (D.C. Bar No. 995170)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street N.W.
Washington, DC 20001
Telephone: (202) 662-5987
Facsimile: (202) 778-5987
jhall@cov.com

*Counsel for Defendant F. Hoffmann-La Roche Ltd*

/s/ Patrick J. Carome
Patrick J. Carome (D.C. Bar. No. 385676)
Carl J. Nichols (D.C. Bar. No. 466889)
David W. Bowker (D.C. Bar. No. 989309)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
carl.nichols@wilmer.com

*Counsel for Defendants Genentech, Inc. and Hoffmann-La Roche Inc.*