# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA ATCHLEY *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 17-cv-02136-RJL |
| ASTRAZENECA UK LIMITED *et al.*, | JURY TRIAL DEMANDED |
| Defendants. | |

## PLAINTIFFS' RESPONSE TO
## DEFENDANTS' FIRST NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs hereby respond to Defendants' First Notice of Supplemental Authority, ECF No. 90, regarding *Brill v. Chevron Corp.*, No. 15-cv-04916-JD, 2018 WL 3861659 (N.D. Cal. Aug. 14, 2018), and *Gonzalez v. Google, Inc.*, No. 16-cv-03282-DMR, 2018 WL 3872781 (N.D. Cal. Aug. 15, 2018).  Neither decision supports dismissal here because each relies on an inapplicable proximate-cause standard and involves facts that are not comparable to those Plaintiffs have alleged.

As Plaintiffs have explained, *see* ECF No. 76 at 79, to plead proximate cause, Plaintiffs must allege (1) Defendants' conduct was a "substantial factor in the sequence of events" that led to Plaintiffs' injuries, and (2) the injuries were "reasonably foreseeable or anticipated as a natural consequence."  *Owens v. BNP Paribas, S.A.*, 897 F.3d 266, 273 (D.C. Cir. 2018) ("*Owens IV*") (quoting *Owens v. Rep. of Sudan*, 864 F.3d 751, 794 (D.C. Cir. 2017) ("*Owens III*")).  But both *Brill* and *Gonzalez* explicitly reject this standard in favor of a more stringent one.  *See Brill*, 2018 WL 3861659, at *1-2 (concluding that "a higher standard was appropriate," which "has important consequences for plaintiffs' ATA claims"); *Gonzalez*, 2018 WL 3872781, at *14-15

(similar). *Brill* even notes that *Owens IV* "arguably applies a proximate cause standard at odds with the Ninth Circuit," after citing that case for a different proposition. 2018 WL 3861659, at *3 n.1.[1] These cases therefore provide no guidance as to whether Plaintiffs have alleged proximate cause under *Owens IV*.

Even if *Brill* and *Gonzalez* had applied the correct standard, they would not support Defendants' position. The *Brill* plaintiffs alleged that Chevron paid kickbacks to "third party companies," which passed the money "into a serpentine and often illegal flow of funds through businesses, banks, government institutions and terrorist groups throughout the Middle East." 2018 WL 3861659, at *2. These "many intermediaries" formed a "financial labyrinth" that ultimately culminated in terrorist attacks by a different group in a different country from the one in which Chevron did business. *Id*. Here, in contrast, Plaintiffs allege that Defendants paid kickbacks directly to the very terrorist group that attacked them and their family members. *See* AC ¶¶ 165-179.

The *Gonzalez* plaintiffs, for their part, alleged "the general availability of YouTube" to ISIS but did not tie terrorists' use of the platform to the attacks that injured them. 2018 WL 3872781, at *15-16. The *Gonzalez* plaintiffs also alleged that Google shared advertising revenue from a "single YouTube video" with ISIS but failed to allege any connection between that revenue and the attacks. *Id*. at *16; *see also id*. at *3-4 (describing the one alleged instance of

---

[1] Plaintiffs explained in a previous notice of supplemental authority how *Owens IV* reaffirmed the causation framework set out in *Owens III* and its applicability to Anti-Terrorism Act cases. *See* ECF No. 82 at 2. The *Owens IV* panel noted it was "not so sure" that the Ninth Circuit's standard announced in *Fields v. Twitter, Inc.*, 881 F.3d 739 (9th Cir. 2018), cited by *Brill* and *Gonzalez*, was "higher" than the D.C. Circuit's standard, 897 F.3d at 273 n.8, but there can be no doubt that the district courts in *Brill* and *Gonzalez* each interpreted *Fields* more stringently and rejected the two-part proximate cause test that *Owens III* established, *see* 864 F.3d at 794, and *Owens IV* applied, *see* 897 F.3d at 273.

revenue sharing).  Here, Plaintiffs alleged that Defendants paid millions of dollars in kickbacks through free goods, cash payments, and "commissions," *see* AC ¶¶ 142-164, 191, 197-198, 214, 221, 246, 251, 253, 257-261, 284, 289-291, 312, 316-318, and that the Ministry of Health was a critical component of Jaysh al-Mahdi's financing and terrorist infrastructure, *see id*. ¶¶ 64-113. *Gonzalez* does not hold such allegations inadequate.  At most, it suggests that allowing terrorists to access a generally available, routine commercial service does not proximately cause all attacks committed by that group.  Here, Defendants did far more than Google allegedly did:  rather than allow terrorists onto a generally available commercial platform, Defendants structured their transactions to funnel corrupt payments to Jaysh al-Mahdi in a way that was especially easy for the terrorists to monetize.  AC ¶¶ 188-332.  As Plaintiffs have explained, those allegations are sufficient to plead proximate cause.  *See*, *e.g.*, ECF No. 76 at 80-82 (citing, *e.g.*, *Abecassis v. Wyatt*, 785 F. Supp. 2d 614 (S.D. Tex. 2011)).

      Finally, Defendants note (at 3) that *Brill* states that recklessness is insufficient to sustain an aiding and abetting claim under the Anti-Terrorism Act.  Defendants did not argue that recklessness was insufficient in their motion to dismiss (or reply) and cannot do so for the first time here.  *See*, *e.g.*, *United States v. Sum of $70,990,605*, 4 F. Supp. 3d 189, 208 n.19 (D.D.C. 2014).  Recklessness is sufficient under the text of the statute and D.C. Circuit precedent, *see* ECF No. 76 at 54 n.52, but the Court need not resolve the issue here because Plaintiffs have alleged that Defendants knew their conduct supported Jaysh al-Mahdi, *see* AC ¶¶ 180-187.

Dated:  September 18, 2018

Respectfully submitted,

Ryan R. Sparacino (D.C. Bar No. 493700)  
Sparacino PLLC  
1920 L Street, NW, Suite 535  
Washington, D.C. 20036  
Tel:  (202) 629-3530  
ryan.sparacino@sparacinopllc.com

*/s/ David C. Frederick*  
David C. Frederick (D.C. Bar No. 431864)  
Joshua D. Branson (D.C. Bar No. 981623)  
Andrew E. Goldsmith (D.C. Bar No. 1007074)  
Thomas G. Schultz (D.C. Bar No. 1028017)  
Kellogg, Hansen, Todd,  
 Figel & Frederick, P.L.L.C.  
1615 M Street, N.W., Suite 400  
Washington, D.C. 20036  
Tel:  (202) 326-7900  
Fax:  (202) 326-7999  
dfrederick@kellogghansen.com  
jbranson@kellogghansen.com  
agoldsmith@kellogghansen.com  
tschultz@kellogghansen.com

*Counsel for Plaintiffs*