## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA ATCHLEY *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ASTRAZENECA UK LIMITED *et al.*,<br><br>Defendants. | Case No. 1:17-CV-02136 (RJL)<br><br>JURY TRIAL DEMANDED |

## STIPULATION AND JOINT MOTION REGARDING
## PLAINTIFFS' PROPOSED SECOND AMENDED COMPLAINT

The parties jointly move the Court for an Order regarding a proposed Second Amended Complaint as described below. In support of this request, the parties hereby stipulate and agree as follows:

1.  Plaintiffs shall withdraw their pending "Time-Sensitive Motion for Leave to Add Additional Plaintiffs by December 31, 2018" (Dkt. 95);

2.  On or before December 31, 2018, Plaintiffs may file a new Motion for Leave to Amend the Complaint to add new plaintiffs ("Motion for Leave to Amend"), accompanied by a concurrently filed proposed Second Amended Complaint that includes the new plaintiffs' names and factual allegations following the general form set forth in Dkt. 95-1 ("Proposed Second Amended Complaint");

3.  The claims alleged by any new plaintiffs in the Proposed Second Amended Complaint ("New Plaintiffs") filed concurrently with the Motion for Leave to Amend shall be deemed to have been filed as of the date of filing of the Motion for Leave to Amend for all purposes, including but not limited to statutes of limitations (specifically including 18 U.S.C.

§ 2335(a) and Pub. L. 112-239, § 1251(c)), statutes of repose, or any other legal or equitable defense to or argument against the New Plaintiffs' claims based in whole or in part on the lapse of time;

4.     In the event that the Motion for Leave to Amend were to be denied in whole or in part for any reason, all statutes of limitations (specifically including 18 U.S.C. § 2335(a) and Pub. L. 112-239, § 1251(c)) or statutes of repose as to the claims of the New Plaintiffs that had not expired before the date of filing of the Motion for Leave to Amend shall be tolled from the date of filing of the Motion for Leave to Amend until thirty (30) days after the date of the Order denying (in whole or in part) the Motion for Leave to Amend, and Defendants waive, forfeit, and agree not to assert any statute of limitations, statute of repose, or other legal or equitable defense to or argument against the New Plaintiffs' claims based in whole or in part on the lapse of time between the filing of the Motion for Leave to Amend and the conclusion of the thirty (30) day period after the date of the Order denying (in whole or in part) the Motion for Leave to Amend;

5.     The New Plaintiffs fully intend their allegations in the Proposed Second Amended Complaint to be of the general form set forth in Dkt. 95-1, and the New Plaintiffs will make a good-faith effort to allege for each New Plaintiff his or her status as a military service member, contractor, or family member; the approximate date and location in Iraq of the attack that is alleged to have caused his or her injury; the person(s) or group(s) who allegedly committed such attack; and the nature of his or her injury.  However, the provisions of Paragraphs 3-4 shall apply to the New Plaintiffs' claims regardless of whether Defendants argue or a court later finds that New Plaintiffs' factual allegations are not of the general form set forth in Dkt. 95-1 or are missing the details set forth above, absent a court finding of a material, bad-faith failure to substantially follow the general form set forth in Dkt. 95-1 and to otherwise substantially provide the details set

forth above.  Defendants waive, forfeit, and agree not to assert any argument that this stipulation (or the attached Proposed Order) is invalid or inapplicable because of any asserted defect in the Motion for Leave to Amend or the Second Amended Complaint, absent a court finding of a material, bad-faith failure to substantially follow the general form set forth in Dkt. 95-1 and to otherwise substantially provide the details set forth above;

6.      The provisions of this Stipulation and the attached Proposed Order (including any waiver, forfeiture, abandonment or agreement set forth herein) shall apply only to the claims asserted by the New Plaintiffs in the Proposed Second Amended Complaint.  If the Proposed Second Amended Complaint is permitted by the Court, whether any subsequent amendments to the Second Amended Complaint relate back shall be determined based on the provisions set forth in Federal Rule of Civil Procedure 15;

7.      If the Motion for Leave to Amend is granted, the New Plaintiffs may comply with Local Rule 5.1(c) by filing under seal and serving on Defendants a list containing the names and full residential addresses of all New Plaintiffs within 30 days of the filing of the Motion for Leave to Amend.  The New Plaintiffs are otherwise excused from compliance with Local Rule 5.1(c). *See* Minute Order (Oct. 23, 2017); Minute Order (Mar. 12, 2018);

8.      Nothing in this Stipulation or the attached Proposed Order constitutes a waiver by any party of any applicable attorney-client privilege or work-product protection, including (but not limited to) with respect to the preparation of the Second Amended Complaint;

9.      The parties have attached a Proposed Order implementing the above-referenced terms.  Defendants shall not appeal or otherwise challenge the validity or enforceability of such Order, either in this action or in any other civil action filed by the New Plaintiffs;

10.     Except as set forth herein, nothing in this Stipulation or the attached Proposed Order constitutes a waiver or forfeiture of any right or defense, including, but not limited to, personal jurisdiction or service of process, nor otherwise confers personal jurisdiction or service of process upon the Defendants; and

11.     Nothing in this Stipulation or the attached Proposed Order constitutes an agreement or concession by either party concerning (a) whether the Motion for Leave to Amend should be granted or (b) whether and to what extent there should be further motions practice or briefing if the Second Amended Complaint is accepted for filing.  The parties agree to meet and confer in good faith after the filing of the Motion for Leave to Amend to discuss what, if any, additional motions or briefing may be warranted.

WHEREFORE, the parties respectfully request that the Court grant the relief requested herein.

Dated:  December 18, 2018                    Respectfully submitted,


*/s/ Joshua D. Branson*
David C. Frederick (D.C. Bar No. 431864)
Joshua D. Branson (D.C. Bar No. 981623)
Andrew E. Goldsmith (D.C. Bar No. 1007074)
Thomas G. Schultz (D.C. Bar No. 1028017)
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
dfrederick@kellogghansen.com
jbranson@kellogghansen.com
agoldsmith@kellogghansen.com
tschultz@kellogghansen.com

*/s/ Ryan R. Sparacino*
Ryan R. Sparacino (D.C. Bar No. 493700)
Sparacino PLLC

1920 L Street, NW, Suite 535
Washington, D.C. 20036
Tel: (202) 629-3530
ryan.sparacino@sparacinopllc.com

*Counsel for Plaintiffs*

/s/ Neil H. MacBride
Neil H. MacBride (DC Bar No. 439137)
DAVIS POLK & WARDWELL LLP
901 15th Street, N.W.
Washington, DC 20005
Tel: (202) 962-7030; Fax: (202) 962-7118
neil.macbride@davispolk.com

*Counsel for Astrazeneca Pharmaceuticals, LP, and AstraZeneca UK Limited*

/s/ John B. Bellinger
John B. Bellinger III (DC Bar No. 405059)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, DC 20001
(202) 942-5000
john.bellinger@apks.com

*Counsel for GE Healthcare USA Holding LLC, GE Medical Systems Information Technologies, Inc. and GE Medical Systems Information Technologies, GmbH*

/s/ John F. Baughman
John F. Baughman (DC Bar No. NY0254)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
jbaughman@paulweiss.com

Jeh C. Johnson (DC Bar No. 461627)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047

(202) 223-7300
jjohnson@paulweiss.com

*Counsel for Defendants Johnson & Johnson, Cilag GmbH International, Ethicon Endo-Surgery, LLC, Ethicon, Inc., Janssen Ortho LLC, Janssen Pharmaceutica NV, Johnson & Johnson (Middle East) Inc., and Ortho Biologics LLC*

*/s/ Christopher N. Manning*
Joseph G. Petrosinelli (DC Bar No. 434280)
Christopher N. Manning (DC Bar No. 464069)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000
jpetrosinelli@wc.com
cmanning@wc.com

*Counsel for Pfizer Inc., Pfizer Pharmaceuticals LLC, Wyeth Pharmaceuticals, Inc., Pharmacia & Upjohn Company LLC, and Pfizer Enterprises SARL*

*/s/ Patrick J. Carome*
Patrick J. Carome (D.C. Bar No. 385676)
WILMER CUTLER PICKERING
HALE AND DORR LLP
875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
patrick.carome@wilmer.com

*Counsel for Genentech, Inc. and Hoffmann-La Roche Inc.*

*/s/ David M. Zionts*
David M. Zionts (D.C. Bar No. 995170)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St. NW
Washington, D.C. 20001
202-662-6000
dzionts@cov.com

6

*Counsel for F. Hoffmann-La Roche Ltd*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 18, 2018, I caused to be filed a copy of the foregoing

Stipulation and Joint Motion Regarding Plaintiffs' Proposed Second Amended Complaint to the

Court's CM/ECF system, and service was effected electronically to all counsel of record.

*/s/ Christopher N. Manning*
Christopher N. Manning
DC Bar No. 464069