# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:17–cv–02136–RJL</u>

ATCHLEY et al v. ASTRAZENECA UK LIMITED et al

Assigned to: Judge Richard J. Leon

Cause: 18:2331 Anti–terrorism Act

Date Filed: 10/17/2017
Date Terminated: 07/20/2020
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: Federal Question

**<u>Plaintiff</u>**

**JOSHUA ATCHLEY**

represented by **Andrew Edward Goldsmith**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, NW
Suite 400
Washington, DC 20036
(202) 326–7945
Fax: (202) 326–7999
Email: agoldsmith@kellogghansen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, NW
Suite 400
Washington, DC 20036
(202) 326–7951
Fax: (202) 326–7999
Email: dfrederick@kellogghansen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, NW
Suite 400
Washington, DC 20036
(202) 326–7944
Fax: (202) 326–7999
Email: jbranson@kellogghansen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
KELLOGG, HANSEN, TODD, FIGEL &

FREDERICK, P.L.L.C.
1615 M Street, NW
Suite 400
Washington, DC 20036
(202) 326–7922
Fax: (202) 326–7999
Email: mduffy@kellogghansen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
SPARACINO PLLC
1920 L Street, NW
Suite 535
Washington, DC 20036
(202) 629–3530
Fax: (202) 629–3658
Email: ryan.sparacino@sparacinopllc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, NW
Suite 400
Washington, DC 20036
(202) 326–7965
Fax: (202) 326–7999
Email: tschultz@kellogghansen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
BROWN RUDNICK LLP
601 Thirteenth Street, NW
Suite 600
Washington, DC 20005
202–536–1732
Email: dandreson@brownrudnick.com
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, NW
Suite 400
Washington, DC 20036
(202) 326–7954
Fax: (202) 326–7999
Email: nhunter@kellogghansen.com
*TERMINATED: 09/02/2018*

**Plaintiff**

**ELISSA ATCHLEY**                     represented by     **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**JOHN ARAGON, SR.**                     represented by     **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**BRIAN BEAUMONT**                    represented by    **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

<u>**Plaintiff**</u>

**DEMPSEY BENNETT**          represented by   **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**BRANDEAUX CAMPBELL**                    represented by    **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**ANGIE CAPRA**                    represented by    **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**ANTHONY CAPRA, SR.**                    represented by    **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

SHARON CAPRA                    represented by   **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**MARK CAPRA**                     represented by   **Andrew Edward Goldsmith**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **David Charles Frederick**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Joshua Daniel Branson**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Matthew M. Duffy**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Ryan R. Sparacino**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Thomas Graham Schultz**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **G. Derek Andreson**
                                                    (See above for address)
                                                    *TERMINATED: 09/02/2018*

                                                    **Nicholas O. Hunter**
                                                    (See above for address)
                                                    *TERMINATED: 09/02/2018*

**Plaintiff**

**VICTORIA CAPRA**                 represented by   **Andrew Edward Goldsmith**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **David Charles Frederick**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Joshua Daniel Branson**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**A. C.**
*a minor*

represented by **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

<u>**Plaintiff**</u>

**J. C.**
*a minor*

represented by **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**S. C.**
*a minor*

represented by **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**DANIELLE CAPRA**

represented by **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**EMILY CAPRA**                   represented by   **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

<u>Plaintiff</u>

**JACOB CAPRA**                    represented by   **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**JOANNA CAPRA**                    represented by    **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**JOSEPH CAPRA**                    represented by    **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

<u>**Plaintiff**</u>

**JULIA−ANNE CAPRA**                    represented by  **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

MICHAEL CAPRA                    represented by  **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**RACHEL LEE**                          represented by          **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**SARAH JOHNSON**                          represented by          **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**SALLY CHAND**                    represented by    **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**MICHAEL CHAND, JR.**                    represented by    **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**CHISTINA MAHON**                    represented by   **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**RYAN CHAND**                    represented by   **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**BRENDA CHAND**                 represented by   **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

KARA CONNELLY                    represented by    **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**JEAN DAMMANN**                    represented by    **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**MARK DAMMANN**                    represented by    **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

KEVIN CONNELLY                    represented by  **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**JIMMY CONNOLLY**                    represented by  **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**MELISSA DOHENY**         represented by    **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**KATHY KUGLER**         represented by    **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**ROBERT KUGLER**                    represented by  **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

AMY RITCHIE                    represented by   **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**DREW EDWARDS**                                  represented by   **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**DONIELLE EDWARDS**                              represented by   **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**MICHAEL ADAM EMORY**                    represented by    **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**MARIA DE LA LUZ VILLA**                    represented by    **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**BOBBY EMORY**                          represented by     **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**TANYA EVRARD**                          represented by     **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**JACOB HARBIN**                    represented by  **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

<u>**Plaintiff**</u>

**ELIJAH HARBIN**                    represented by    **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**ESTHER TATE**                    represented by    **Andrew Edward Goldsmith**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **David Charles Frederick**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Joshua Daniel Branson**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Matthew M. Duffy**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Ryan R. Sparacino**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Thomas Graham Schultz**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **G. Derek Andreson**
                                                     (See above for address)
                                                     *TERMINATED: 09/02/2018*

                                                     **Nicholas O. Hunter**
                                                     (See above for address)
                                                     *TERMINATED: 09/02/2018*

**Plaintiff**

**LEASA DOLLAR**                   represented by    **Andrew Edward Goldsmith**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **David Charles Frederick**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Joshua Daniel Branson**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**EUGENE DELOZIER**                     represented by   **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

BILLY JOHNSON                          represented by   **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**BRIDGET JUNEAU**                    represented by    **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**ALL PLAINTIFFS**                    represented by    **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Derek Andreson**
(See above for address)
*TERMINATED: 09/02/2018*

**Nicholas O. Hunter**
(See above for address)
*TERMINATED: 09/02/2018*

**Plaintiff**

**GARY HUFFMAN**
*TERMINATED: 10/26/2018*

represented by  **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**KAREN HUFFMAN**
*TERMINATED: 10/26/2018*

represented by   **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**TORIE MURPHY**
*TERMINATED: 10/26/2018*

represented by   **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ESTATE OF JASON HUFFMAN**
*TERMINATED: 10/26/2018*

represented by **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**LORI SILVERI**
*TERMINATED: 12/31/2018*

represented by **Andrew Edward Goldsmith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Charles Frederick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Daniel Branson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Duffy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan R. Sparacino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Graham Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**ASTRAZENECA UK LIMITED**          represented by   **Kenneth Leonard Wainstein**
DAVIS POLK & WARDWELL LLP
901 15th Street, NW
Washington, DC 20005
(202) 962–7141
Fax: (202) 962–7099
Email: ken.wainstein@davispolk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Neil Harvey MacBride**
DAVIS POLK & WARDWELL LLP
901 15th Street, NW
Washington, DC 20005
(202) 962–7030
Fax: (202) 962–7118
Email: neil.macbride@davispolk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul S. Mishkin**
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
212–450–4000
Email: paul.mishkin@davispolk.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ASTRAZENECA**                    represented by   **Kenneth Leonard Wainstein**
**PHARMACEUTICALS LP**                              (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Neil Harvey MacBride**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul S. Mishkin**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**GE HEALTHCARE USA HOLDING LLC**                represented by   **David J. Weiner**
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
202–942–6702
Email: david.weiner@arnoldporter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John B. Bellinger , III**
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001
(202) 942–6599
Fax: (202) 942–5999
Email: john.bellinger@apks.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Reeves Anderson**
ARNOLD & PORTER KAYE SCHOLER LLP
1144 Fifteenth Street
Suite 3100
Denver, CO 80202
303–863–2325
Email: reeves.anderson@arnoldporter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Adam DeRise**
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001
(202) 942–6029
Fax: (202) 942–5999
Email: robert.derise@apks.com
*TERMINATED: 08/30/2019*

**Defendant**

**GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES, INC.**                represented by   **David J. Weiner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John B. Bellinger , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Reeves Anderson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Adam DeRise**
(See above for address)
*TERMINATED: 08/30/2019*

**Defendant**

| | | |
|---|---|---|
| **GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES GMBH** | represented by | **David J. Weiner**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**John B. Bellinger , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Reeves Anderson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Adam DeRise**
(See above for address)
*TERMINATED: 08/30/2019*

**Defendant**

| | | |
|---|---|---|
| **JOHNSON & JOHNSON** | represented by | **Alex Young K. Oh**<br>PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON LLP<br>2001 K Street NW<br>Washington, DC 20006<br>(202) 223–7334<br>Fax: (202) 204–7375<br>Email: aoh@paulweiss.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Kannon K. Shanmugam**
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW

Washington, DC 20006
(202) 223–7300
Fax: (202) 223–7420
Email: kshanmugam@paulweiss.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeh Charles Johnson**
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street NW
Washington, DC 20006
(202) 273–3093
Fax: (202) 223–7420
Email: JJohnson@paulweiss.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John F. Baughman**
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373–3021
Fax: (212) 492–0021
Email: jbaughman@paulweiss.com
*TERMINATED: 04/23/2020*
*PRO HAC VICE*

**Defendant**

**CILAG GMBH INTERNATIONAL**          represented by   **Alex Young K. Oh**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kannon K. Shanmugam**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeh Charles Johnson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John F. Baughman**
(See above for address)
*TERMINATED: 04/23/2020*
*PRO HAC VICE*

**Defendant**

**ETHICON ENDO–SURGERY, LLC**   represented by   **Alex Young K. Oh**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kannon K. Shanmugam**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeh Charles Johnson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John F. Baughman**
(See above for address)
*TERMINATED: 04/23/2020*
*PRO HAC VICE*

**Defendant**

**ETHICON, INC.**   represented by   **Alex Young K. Oh**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kannon K. Shanmugam**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeh Charles Johnson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John F. Baughman**
(See above for address)
*TERMINATED: 04/23/2020*
*PRO HAC VICE*

**Defendant**

**JANSSEN ORTHO LLC**   represented by   **Alex Young K. Oh**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kannon K. Shanmugam**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeh Charles Johnson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John F. Baughman**
(See above for address)
*TERMINATED: 04/23/2020*
*PRO HAC VICE*

**Defendant**

**JANSSEN PHARMACEUTICA N.V.**   represented by   **Alex Young K. Oh**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kannon K. Shanmugam**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeh Charles Johnson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John F. Baughman**
(See above for address)
*TERMINATED: 04/23/2020*
*PRO HAC VICE*

**Defendant**

**JOHNSON & JOHNSON (MIDDLE EAST) INC.**   represented by   **Alex Young K. Oh**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kannon K. Shanmugam**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeh Charles Johnson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John F. Baughman**
(See above for address)
*TERMINATED: 04/23/2020*

**Defendant**

**ORTHO BIOLOGICS LLC**             represented by   **Alex Young K. Oh**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Kannon K. Shanmugam**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Jeh Charles Johnson**
                                                    (See above for address)
                                                    *PRO HAC VICE*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **John F. Baughman**
                                                    (See above for address)
                                                    *TERMINATED: 04/23/2020*
                                                    *PRO HAC VICE*

**Defendant**

**PFIZER INC.**                      represented by   **Brian T. Gilmore**
                                                    WILLIAMS & CONNOLLY LLP
                                                    725 12th St. NW
                                                    Washington, DC 20005
                                                    (202) 434–5707
                                                    Fax: (202) 434–5029
                                                    Email: bgilmore@wc.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Christopher Nicholas Manning**
                                                    WILLIAMS & CONNOLLY LLP
                                                    725 12th St. NW
                                                    Washington, DC 20005
                                                    (202) 434–5121
                                                    Fax: (202) 434–5029
                                                    Email: cmanning@wc.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Joseph G Petrosinelli**
                                                    WILLIAMS & CONNOLLY LLP
                                                    725 Twelfth Street NW
                                                    Washington, DC 20005
                                                    202–434–5547
                                                    Email: jpetrosinelli@wc.com
                                                    *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Melissa B. Collins**
WILLIAMS & CONNOLLY LLP
725 12th St NW
Washingtin, DC 20005
202–434–5000
Email: mcollins@wc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**PFIZER ENTERPRISES SARL**          represented by   **Brian T. Gilmore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher Nicholas Manning**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph G Petrosinelli**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melissa B. Collins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**PFIZER PHARMACEUTICALS LLC**          represented by   **Brian T. Gilmore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher Nicholas Manning**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph G Petrosinelli**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melissa B. Collins**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

| | | |
|---|---|---|
| **PHARMACIA & UPJOHN COMPANY LLC** | represented by | **Brian T. Gilmore**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Christopher Nicholas Manning**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph G Petrosinelli**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melissa B. Collins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**WYETH PHARMACEUTICALS INC.**    represented by    **Brian T. Gilmore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher Nicholas Manning**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph G Petrosinelli**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melissa B. Collins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**F. HOFFMANN–LA ROCHE LTD.**    represented by    **Beth Susan Brinkmann**
COVINGTON & BURLING, LLP
One CityCenter
850 10th St NW
Washington, DC 20001
202–662–5312

Email: bbrinkmann@cov.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David M. Zionts**
COVINGTON & BURLING LLP
850 Tenth Street, NW
One City Center
Washington, DC 20001
(202) 662–5987
Fax: (202) 778–5987
Email: dzionts@cov.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Edward Hall**
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
202–662–5104
Fax: 202–778–5104
Email: jhall@cov.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lanny A. Breuer**
COVINGTON & BURLING
850 10th St, NW
Washington, DC 20001
202–662–5674
Email: lbreuer@cov.com
*TERMINATED: 12/11/2017*

**Defendant**

**GENENTECH, INC.**                     represented by  **David W. Bowker**
WILMER CUTLER PICKERING HALE
& DORR LLP
1875 Pennsylvania Ave., NW
Suite 400E
Washington, DC 20006
(202) 663–6558
Fax: (202) 663–6363
Email: david.bowker@wilmerhale.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick Joseph Carome**
WILMER CUTLER PICKERING HALE
& DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006

(202) 663–6610
Fax: (202) 663–6363
Email: patrick.carome@wilmerhale.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carl J. Nichols**
WILMER CUTLER PICKERING HALE
& DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663–6226
Fax: (202) 663–6363
Email: carl.nichols@wilmerhale.com
*TERMINATED: 09/11/2019*

**Defendant**

**HOFFMANN–LA ROCHE INC.**    represented by  **David W. Bowker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick Joseph Carome**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carl J. Nichols**
(See above for address)
*TERMINATED: 09/11/2019*

**Defendant**

**FOREIGN DEFENDANTS**    represented by  **John B. Bellinger , III**
*AstraZeneca UK Limited, GE Medical*    (See above for address)
*Systems Information Technologies*    *LEAD ATTORNEY*
*GmBH, Cilag GmbH International,*    *ATTORNEY TO BE NOTICED*
*Janssen Pharmaceutica NV, Pfizer*
*Enterprises SARL, and F. Hoffmann–La*
*Roche Ltd*

**Defendant**

**DOMESTIC DEFENDANTS**    represented by  **John B. Bellinger , III**
*AstraZeneca Pharmaceuticals, LP, GE*    (See above for address)
*Healthcare USA*    *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 10/17/2017 | 1 | | COMPLAINT against ALL DEFENDANTS with Jury Demand ( Filing fee $ 400 receipt number 0090–5162217) filed by JIMMY CONNOLLY, KEVIN |

| | | | |
|---|---|---|---|
| | | | CONNELLY, MICHAEL CAPRA, ANGIE CAPRA, CHISTINA MAHON, JOANNA CAPRA, EMILY CAPRA, JACOB HARBIN, RYAN CHAND, JULIA–ANNE CAPRA, MARK CAPRA, MARK DAMMANN, KATHY KUGLER, VICTORIA CAPRA, EUGENE DELOZIER, KARA CONNELLY, BRIDGET JUNEAU, DONIELLE EDWARDS, A. C., MARIA DE LA LUZ VILLA, DANIELLE CAPRA, ELIJAH HARBIN, JOSEPH CAPRA, ELISSA ATCHLEY, JACOB CAPRA, JOSHUA ATCHLEY, JEAN DAMMANN, MICHAEL CHAND, JR, BRENDA CHAND, MICHAEL ADAM EMORY, S. C., BILLY JOHNSON, SALLY CHAND, BOBBY EMORY, RACHEL LEE, ESTHER TATE, J. C., SARAH JOHNSON, BRANDEAUX CAMPBELL, JOHN ARAGON, SR, ROBERT KUGLER, SHARON CAPRA, LEASA DOLLAR, ANTHONY CAPRA, SR, DREW EDWARDS, BRIAN BEAUMONT, MELISSA DOHENY, AMY RITCHIE, TANYA EVRARD, DEMPSEY BENNETT. (Attachments: # 1 Civil Cover Sheet, # 2 Summons AstraZeneca UK Limited, # 3 Summons AstraZeneca Pharmaceuticals LP, # 4 Summons Cilag GmbH International, # 5 Summons Ethicon Endo–Surgery, LLC, # 6 Summons Ethicon, Inc., # 7 Summons F. Hoffmann–La Roche Ltd., # 8 Summons GE Healthcare USA Holding LLC, # 9 Summons GE Medical Systems Information Technologies GmbH, # 10 Summons GE Medical Systems Information Technologies, Inc., # 11 Summons Genentech, Inc., # 12 Summons Hoffmann–La Roche Inc., # 13 Summons Johnson & Johnson (Middle East) Inc., # 14 Summons Janssen Ortho LLC, # 15 Summons Janssen Pharmaceutica N.V., # 16 Summons Johnson & Johnson, # 17 Summons Ortho Biologics LLC, # 18 Summons Pfizer Enterprises SARL, # 19 Summons Pfizer Inc., # 20 Summons Pfizer Pharmaceuticals LLC, # 21 Summons Pharmacia & Upjohn Company LLC, # 22 Summons Wyeth Pharmaceuticals Inc.)(Frederick, David) Modified on 10/19/2017 (md). (Entered: 10/17/2017) |
| 10/17/2017 | 2 | | NOTICE of Appearance by Joshua Daniel Branson on behalf of All Plaintiffs (Branson, Joshua) (Entered: 10/17/2017) |
| 10/17/2017 | 3 | | Ex Parte MOTION Waiver of Local Civil Rule 5.1(c) by JOHN ARAGON, SR, ELISSA ATCHLEY, JOSHUA ATCHLEY, BRIAN BEAUMONT, DEMPSEY BENNETT, A. C., J. C., S. C., BRANDEAUX CAMPBELL, ANGIE CAPRA, ANTHONY CAPRA, SR, DANIELLE CAPRA, EMILY CAPRA, JACOB CAPRA, JOANNA CAPRA, JOSEPH CAPRA, JULIA–ANNE CAPRA, MARK CAPRA, MICHAEL CAPRA, SHARON CAPRA, VICTORIA CAPRA, BRENDA CHAND, MICHAEL CHAND, JR, RYAN CHAND, SALLY CHAND, KARA CONNELLY, KEVIN CONNELLY, JIMMY CONNOLLY, JEAN DAMMANN, MARK DAMMANN, MARIA DE LA LUZ VILLA, EUGENE DELOZIER, MELISSA DOHENY, LEASA DOLLAR, DONIELLE EDWARDS, DREW EDWARDS, BOBBY EMORY, MICHAEL ADAM EMORY, TANYA EVRARD, ELIJAH HARBIN, JACOB HARBIN, BILLY JOHNSON, SARAH JOHNSON, BRIDGET JUNEAU, KATHY KUGLER, ROBERT KUGLER, RACHEL LEE, CHISTINA MAHON, AMY RITCHIE, ESTHER TATE (Attachments: # 1 Text of Proposed Order)(Frederick, David) (Entered: 10/17/2017) |
| 10/18/2017 | 4 | | NOTICE of Appearance by Andrew Edward Goldsmith on behalf of All Plaintiffs (Goldsmith, Andrew) (Entered: 10/18/2017) |
| 10/18/2017 | | | Case Assigned to Judge Richard J. Leon. (md) (Entered: 10/19/2017) |

| | | | |
|---|---|---|---|
| 10/19/2017 | 5 | | SUMMONS (21) Issued Electronically as to ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, CILAG GMBH INTERNATIONAL, ETHICON ENDO–SURGERY, LLC, ETHICON, INC., F. HOFFMANN–LA ROCHE LTD., GE HEALTHCARE USA HOLDING LLC, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES GMBH, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES, INC., GENENTECH, INC., HOFFMANN–LA ROCHE INC., JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICA N.V., JOHNSON & JOHNSON, JOHNSON & JOHNSON (MIDDLE EAST) INC., ORTHO BIOLOGICS LLC, PFIZER ENTERPRISES SARL, PFIZER INC., PFIZER PHARMACEUTICALS LLC, PHARMACIA & UPJOHN COMPANY LLC, WYETH PHARMACEUTICALS INC.. (Attachments: # 1 Notice of Consent) (md) (Entered: 10/19/2017) |
| 10/23/2017 | | | MINUTE ORDER granting 3 Plaintiffs' *Ex Parte* Motion for Waiver of Local Civil Rule 5.1(c). It is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that: (1) plaintiffs are excused from publicly filing their residence address information with their complaint in accordance with Local Civil Rule 5.1(c); and (2) plaintiffs shall file under seal a list containing the names and full residential addresses of all plaintiffs within 30 days of this Order. SO ORDERED. Signed by Judge Richard J. Leon on 10/23/2017. (lcrjl2) (Entered: 10/23/2017) |
| 10/24/2017 | 6 | | NOTICE of Appearance by Nicholas O. Hunter on behalf of All Plaintiffs (Hunter, Nicholas) (Entered: 10/24/2017) |
| 10/24/2017 | 7 | | NOTICE of Appearance by Thomas Graham Schultz on behalf of All Plaintiffs (Schultz, Thomas) (Entered: 10/24/2017) |
| 10/25/2017 | 8 | | NOTICE of Appearance by G. Derek Andreson on behalf of All Plaintiffs (Andreson, G.) (Entered: 10/25/2017) |
| 10/25/2017 | 9 | | NOTICE of Appearance by Ryan R. Sparacino on behalf of All Plaintiffs (Sparacino, Ryan) (Entered: 10/25/2017) |
| 11/06/2017 | 10 | | NOTICE of Appearance by Alex Young K. Oh on behalf of ETHICON, INC., JANSSEN ORTHO LLC, JOHNSON & JOHNSON, JOHNSON & JOHNSON (MIDDLE EAST) INC., ORTHO BIOLOGICS LLC (Oh, Alex) (Entered: 11/06/2017) |
| 11/06/2017 | 11 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– John F. Baughman, :Firm– Paul, Weiss, Rifkind, Wharton & Garrison LLP, :Address– 1285 Avenue of the Americas, New York, NY 10019. Phone No. – 212–373–3000. Fax No. – 212–757–3990 Filing fee $ 100, receipt number 0090–5192319. Fee Status: Fee Paid. by ETHICON, INC., JANSSEN ORTHO LLC, JOHNSON & JOHNSON, JOHNSON & JOHNSON (MIDDLE EAST) INC., ORTHO BIOLOGICS LLC (Attachments: # 1 Declaration of John F. Baughman, # 2 Text of Proposed Order)(Oh, Alex) (Entered: 11/06/2017) |
| 11/06/2017 | 12 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by ETHICON, INC., JANSSEN ORTHO LLC, JOHNSON & JOHNSON, JOHNSON & JOHNSON (MIDDLE EAST) INC., ORTHO BIOLOGICS LLC (Oh, Alex) (Entered: 11/06/2017) |
| 11/06/2017 | 13 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE of Appearance by Carl J. Nichols on behalf of GENENTECH, INC., HOFFMANN–LA ROCHE INC. (Nichols, Carl) (Entered: 11/06/2017) |
| 11/06/2017 | 14 | | Corporate Disclosure Statement by HOFFMANN–LA ROCHE INC.. (Nichols, Carl) (Entered: 11/06/2017) |
| 11/06/2017 | 15 | | Corporate Disclosure Statement by GENENTECH, INC.. (Nichols, Carl) (Entered: 11/06/2017) |
| 11/06/2017 | 16 | | NOTICE of Appearance by Joseph G Petrosinelli on behalf of PFIZER INC., PFIZER PHARMACEUTICALS LLC, PHARMACIA & UPJOHN COMPANY LLC, WYETH PHARMACEUTICALS INC. (Petrosinelli, Joseph) (Entered: 11/06/2017) |
| 11/06/2017 | 17 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by PFIZER INC., PFIZER PHARMACEUTICALS LLC, PHARMACIA & UPJOHN COMPANY LLC, WYETH PHARMACEUTICALS INC. (Petrosinelli, Joseph) (Entered: 11/06/2017) |
| 11/06/2017 | 18 | | NOTICE of Appearance by Neil Harvey MacBride on behalf of ASTRAZENECA PHARMACEUTICALS LP (MacBride, Neil) (Entered: 11/06/2017) |
| 11/06/2017 | 19 | | WITHDRAWN PURSUANT TO STIPULATION FILED ON 11/14/2017.....MOTION for Extension of Time to *Respond to Plaintiffs' Complaint on behalf of all Served Defendants* by ETHICON, INC., JANSSEN ORTHO LLC, JOHNSON & JOHNSON, JOHNSON & JOHNSON (MIDDLE EAST) INC., ORTHO BIOLOGICS LLC (Attachments: # 1 Text of Proposed Order)(Oh, Alex) Modified on 11/15/2017 (jth). (Entered: 11/06/2017) |
| 11/07/2017 | 20 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ASTRAZENECA PHARMACEUTICALS LP served on 10/23/2017, answer due 11/13/2017; ETHICON ENDO–SURGERY, LLC served on 10/23/2017, answer due 11/13/2017; ETHICON, INC. served on 10/20/2017, answer due 11/10/2017; GE HEALTHCARE USA HOLDING LLC served on 10/23/2017, answer due 11/13/2017; GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES, INC. served on 10/20/2017, answer due 11/10/2017; GENENTECH, INC. served on 10/20/2017, answer due 11/10/2017; HOFFMANN–LA ROCHE INC. served on 10/20/2017, answer due 11/10/2017; JANSSEN ORTHO LLC served on 10/23/2017, answer due 11/13/2017; JOHNSON & JOHNSON served on 10/20/2017, answer due 11/10/2017; JOHNSON & JOHNSON (MIDDLE EAST) INC. served on 10/20/2017, answer due 11/10/2017; ORTHO BIOLOGICS LLC served on 10/23/2017, answer due 11/13/2017; PFIZER INC. served on 10/23/2017, answer due 11/13/2017; PFIZER PHARMACEUTICALS LLC served on 10/23/2017, answer due 11/13/2017; PHARMACIA & UPJOHN COMPANY LLC served on 10/23/2017, answer due 11/13/2017; WYETH PHARMACEUTICALS INC. served on 10/23/2017, answer due 11/13/2017 (Branson, Joshua) (Entered: 11/07/2017) |
| 11/07/2017 | 21 | | NOTICE of Appearance by John B. Bellinger, III on behalf of GE HEALTHCARE USA HOLDING LLC, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES, INC. (Bellinger, John) (Entered: 11/07/2017) |

| 11/07/2017 | 22 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by GE HEALTHCARE USA HOLDING LLC, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES, INC. (Bellinger, John) (Entered: 11/07/2017) |
|---|---|---|---|
| 11/07/2017 | 23 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests *as Amended* by PFIZER INC., PFIZER PHARMACEUTICALS LLC, PHARMACIA & UPJOHN COMPANY LLC, WYETH PHARMACEUTICALS INC. (Petrosinelli, Joseph) (Entered: 11/07/2017) |
| 11/07/2017 | 24 | | Memorandum in opposition to re 19 MOTION for Extension of Time to *Respond to Plaintiffs' Complaint on behalf of all Served Defendants* filed by ALL PLAINTIFFS. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1)(Frederick, David) (Entered: 11/07/2017) |
| 11/07/2017 | 25 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by ASTRAZENECA PHARMACEUTICALS LP (MacBride, Neil) (Entered: 11/07/2017) |
| 11/08/2017 | 26 | | NOTICE of Appearance by Alex Young K. Oh on behalf of ETHICON ENDO–SURGERY, LLC (Oh, Alex) (Entered: 11/08/2017) |
| 11/08/2017 | 27 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by ETHICON ENDO–SURGERY, LLC (Oh, Alex) (Entered: 11/08/2017) |
| 11/09/2017 | | | MINUTE ORDER granting 11 Motion for Admission *Pro Hac Vice*. It is hereby ORDERED that the Motion is GRANTED. Attorney John F. Baughman is admitted *pro hac vice* in this matter. Signed by Judge Richard J. Leon on 11/09/2017. (lcrjl2) (Entered: 11/09/2017) |
| 11/09/2017 | 28 | | REPLY to opposition to motion re 19 MOTION for Extension of Time to *Respond to Plaintiffs' Complaint on behalf of all Served Defendants (On behalf of all Served Defendants)* filed by GENENTECH, INC., HOFFMANN–LA ROCHE INC.. (Nichols, Carl) (Entered: 11/09/2017) |
| 11/14/2017 | 29 | | NOTICE of Appearance by Christopher Nicholas Manning on behalf of PFIZER ENTERPRISES SARL, PFIZER INC., PFIZER PHARMACEUTICALS LLC, PHARMACIA & UPJOHN COMPANY LLC, WYETH PHARMACEUTICALS INC. (Manning, Christopher) (Entered: 11/14/2017) |
| 11/14/2017 | 30 | | STIPULATION by CILAG GMBH INTERNATIONAL, ETHICON ENDO–SURGERY, LLC, ETHICON, INC., JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICA N.V., JOHNSON & JOHNSON, JOHNSON & JOHNSON (MIDDLE EAST) INC., ORTHO BIOLOGICS LLC. (Oh, Alex) (Entered: 11/14/2017) |
| 11/14/2017 | 31 | | Consent MOTION for Extension of Time to *Respond to Plaintiffs' Complaint* by CILAG GMBH INTERNATIONAL, ETHICON ENDO–SURGERY, LLC, ETHICON, INC., JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICA N.V., JOHNSON & JOHNSON, JOHNSON & JOHNSON (MIDDLE EAST) INC., ORTHO BIOLOGICS LLC (Oh, Alex) (Entered: 11/14/2017) |
| 11/14/2017 | | | |

| | | | |
|---|---|---|---|
| | | | MINUTE ORDER granting 31 Consent Motion for an Extension of Time for Moving Defendants to Respond to Plaintiffs' Complaint. It is hereby ORDERED that the Motion is GRANTED. The Moving Defendants shall have up to and including February 5, 2018, to respond to plaintiffs' complaint. Signed by Judge Richard J. Leon on 11/14/2017. (lcrjl2) (Entered: 11/14/2017) |
| 11/14/2017 | 32 | | STANDING ORDER. Signed by Judge Richard J. Leon on 11/14/2017. (lcrjl2) (Entered: 11/14/2017) |
| 11/14/2017 | 33 | | MOTION for Leave to Serve Defendant F. Hoffmann–La Roche Ltd. Under Federal Rule of Civil Procedure 4(f)(3) by ALL PLAINTIFFS (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Branson, Joshua) (Entered: 11/14/2017) |
| 11/16/2017 | 34 | | NOTICE of Appearance by John Edward Hall on behalf of F. HOFFMANN–LA ROCHE LTD. (Hall, John) (Entered: 11/16/2017) |
| 11/16/2017 | 35 | | NOTICE of Appearance by Lanny A. Breuer on behalf of F. HOFFMANN–LA ROCHE LTD. (Breuer, Lanny) (Entered: 11/16/2017) |
| 11/16/2017 | 36 | | NOTICE of Appearance by David M. Zionts on behalf of F. HOFFMANN–LA ROCHE LTD. (Zionts, David) (Entered: 11/16/2017) |
| 11/16/2017 | 37 | | Memorandum in opposition to re 33 MOTION for Leave to Serve Defendant F. Hoffmann–La Roche Ltd. Under Federal Rule of Civil Procedure 4(f)(3) filed by F. HOFFMANN–LA ROCHE LTD.. (Attachments: # 1 Text of Proposed Order, # 2 Affidavit of D. Zionts, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5)(Zionts, David) (Entered: 11/16/2017) |
| 11/16/2017 | 38 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by F. HOFFMANN–LA ROCHE LTD. (Zionts, David) (Entered: 11/16/2017) |
| 11/16/2017 | 39 | | NOTICE of Appearance by Alex Young K. Oh on behalf of CILAG GMBH INTERNATIONAL, ETHICON ENDO–SURGERY, LLC, ETHICON, INC., JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICA N.V., JOHNSON & JOHNSON, JOHNSON & JOHNSON (MIDDLE EAST) INC., ORTHO BIOLOGICS LLC (Oh, Alex) (Entered: 11/16/2017) |
| 11/16/2017 | 40 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by CILAG GMBH INTERNATIONAL, ETHICON ENDO–SURGERY, LLC, ETHICON, INC., JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICA N.V., JOHNSON & JOHNSON, JOHNSON & JOHNSON (MIDDLE EAST) INC., ORTHO BIOLOGICS LLC (Oh, Alex) (Entered: 11/16/2017) |
| 11/16/2017 | 41 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jeh C. Johnson, :Firm– Paul, Weiss, Rifkind, Wharton & Garrison LLP, :Address– 2001 K Street, NW, Washington, DC, 20006–1047. Phone No. – (202) 223–7300. Fax No. – (202) 223–7420 Filing fee $ 100, receipt number 0090–5209488. Fee Status: Fee Paid. by CILAG GMBH INTERNATIONAL, ETHICON ENDO–SURGERY, LLC, ETHICON, INC., JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICA N.V., JOHNSON & JOHNSON, JOHNSON & JOHNSON (MIDDLE EAST) INC., ORTHO BIOLOGICS LLC (Attachments: # 1 Declaration of Jeh C. Johnson, # 2 Text of Proposed |

| | | | |
|---|---|---|---|
| | | | Order)(Oh, Alex) (Entered: 11/16/2017) |
| 11/20/2017 | 42 | | WAIVER OF SERVICE by ALL PLAINTIFFS. ASTRAZENECA UK LIMITED waiver sent on 11/14/2017, answer due 2/12/2018; CILAG GMBH INTERNATIONAL waiver sent on 11/14/2017, answer due 2/12/2018; JANSSEN PHARMACEUTICA N.V. waiver sent on 11/14/2017, answer due 2/12/2018. (Branson, Joshua) (Entered: 11/20/2017) |
| 11/20/2017 | 43 | | SEALED DOCUMENT filed by ALL PLAINTIFFS(This document is SEALED and only available to authorized persons.)(Frederick, David) (Entered: 11/20/2017) |
| 11/21/2017 | 44 | | REPLY to opposition to motion re 33 MOTION for Leave to Serve Defendant F. Hoffmann–La Roche Ltd. Under Federal Rule of Civil Procedure 4(f)(3) filed by ALL PLAINTIFFS. (Attachments: # 1 Text of Proposed Order)(Frederick, David) (Entered: 11/21/2017) |
| 11/22/2017 | 45 | | NOTICE of Appearance by Patrick Joseph Carome on behalf of GENENTECH, INC., HOFFMANN–LA ROCHE INC. (Carome, Patrick) (Entered: 11/22/2017) |
| 11/22/2017 | 46 | | NOTICE of Appearance by David W. Bowker on behalf of GENENTECH, INC., HOFFMANN–LA ROCHE INC. (Bowker, David) (Entered: 11/22/2017) |
| 11/22/2017 | 47 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests *(Amended)* by GENENTECH, INC. (Nichols, Carl) (Entered: 11/22/2017) |
| 11/22/2017 | 48 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests *(Amended)* by HOFFMANN–LA ROCHE INC. (Nichols, Carl) (Entered: 11/22/2017) |
| 11/22/2017 | | | MINUTE ORDER granting 41 Motion for Leave to Appear Pro Hac Vice. Signed by Judge Richard J. Leon on 11/22/2017. (lcrjl2) Modified on 11/25/2017 to reflect that this is a "Minute" Order. (jth) (Entered: 11/22/2017) |
| 11/28/2017 | | | MINUTE ORDER granting 33 Motion for Leave to Serve Defendant F. Hoffmann–La Roche LTD. Under Federal Rule of Civil Procedure 4(f)(3). Signed by Judge Richard J. Leon on 11/28/17. (lcrjl3) (Entered: 11/28/2017) |
| 11/28/2017 | 49 | | WAIVER OF SERVICE by ALL PLAINTIFFS. GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES GMBH waiver sent on 11/14/2017, answer due 2/12/2018; PFIZER ENTERPRISES SARL waiver sent on 11/14/2017, answer due 2/12/2018. (Branson, Joshua) (Entered: 11/28/2017) |
| 11/30/2017 | 50 | | NOTICE of Appearance by Neil Harvey MacBride on behalf of ASTRAZENECA UK LIMITED (MacBride, Neil) (Entered: 11/30/2017) |
| 11/30/2017 | 51 | | NOTICE of Appearance by Kenneth Leonard Wainstein on behalf of ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED (Wainstein, Kenneth) (Entered: 11/30/2017) |
| 11/30/2017 | 52 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Paul S. Mishkin, :Firm– Davis Polk & Wardwell LLP, :Address– 450 Lexington Avenue, New York, NY 10017. Phone No. – 212–450–4000. Fax No. – |

| | | | |
|---|---|---|---|
| | | | 212–701–5292 Filing fee $ 100, receipt number 0090–5227821. Fee Status: Fee Paid. by ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED (Attachments: # 1 Declaration of Paul S. Mishkin, # 2 Text of Proposed Order)(MacBride, Neil) (Entered: 11/30/2017) |
| 11/30/2017 | 53 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by ASTRAZENECA UK LIMITED (MacBride, Neil) (Entered: 11/30/2017) |
| 12/05/2017 | 54 | | Consent MOTION for Extension of Time to *Respond to Plaintiffs' Complaint* by F. HOFFMANN–LA ROCHE LTD. (Attachments: # 1 Text of Proposed Order)(Zionts, David) (Entered: 12/05/2017) |
| 12/11/2017 | 55 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to F. HOFFMANN–LA ROCHE LTD.. Attorney Lanny A. Breuer terminated. (Breuer, Lanny) (Entered: 12/11/2017) |
| 12/11/2017 | | | MINUTE ORDER granting 52 Motion for Leave for Paul S. Mishkin to Appear Pro Hac Vice. Signed by Judge Richard J. Leon on 12/11/17. (lcrjl3) (Entered: 12/11/2017) |
| 12/11/2017 | | | MINUTE ORDER granting 54 Motion for Extension of Time to Respond to the Complaint. Set/Reset Deadlines: Defendant F. Hoffmann–La Roche Ltd's response to Plaintiff's Complaint due by 2/5/2018. Signed by Judge Richard J. Leon on 12/11/17. (lcrjl3) (Entered: 12/11/2017) |
| 12/20/2017 | 56 | | AFFIDAVIT *of Service on F. Hoffmann–La Roche Ltd.* by ALL PLAINTIFFS. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Branson, Joshua) (Entered: 12/20/2017) |
| 01/30/2018 | 57 | | Joint MOTION for Leave to File Excess Pages *and to permit the filing of consolidated memoranda as described herein in connection with forthcoming motion to dismiss briefing, filed on behalf of all Parties* by PFIZER ENTERPRISES SARL, PFIZER INC., PFIZER PHARMACEUTICALS LLC, PHARMACIA & UPJOHN COMPANY LLC, WYETH PHARMACEUTICALS INC. (Attachments: # 1 Text of Proposed Order Proposed Order)(Manning, Christopher) (Entered: 01/30/2018) |
| 02/02/2018 | | | MINUTE ORDER. Upon consideration of the parties Stipulation and Joint Motion Regarding Motion to Dismiss Briefing 57 , it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that Defendants are permitted file a joint memorandum of points and authorities, not to exceed 75 pages, to address Rule 12(b) grounds other than personal jurisdiction. Plaintiffs memorandum in opposition shall not exceed 75 pages, and Defendants reply memorandum shall not exceed 35 pages. Defendants are permitted to file an additional joint memorandum of points and authorities, not to exceed 25 pages, in support of dismissal for lack of personal jurisdiction under Rule 12(b)(2). Plaintiffs memorandum in opposition also shall not exceed 25 pages, and the Defendants reply memorandum shall not exceed 12 pages. Signed by Judge Richard J. Leon on 2/2/18. (lcrjl3) (Entered: 02/02/2018) |
| 02/05/2018 | 58 | | NOTICE of Appearance by Beth Susan Brinkmann on behalf of F. HOFFMANN–LA ROCHE LTD. (Brinkmann, Beth) (Entered: 02/05/2018) |
| 02/05/2018 | 59 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE of Appearance by David J. Weiner on behalf of GE HEALTHCARE USA HOLDING LLC, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES GMBH, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES, INC. (Weiner, David) (Entered: 02/05/2018) |
| 02/05/2018 | 60 | | NOTICE of Appearance by Robert Reeves Anderson on behalf of GE HEALTHCARE USA HOLDING LLC, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES GMBH, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES, INC. (Anderson, Robert) (Entered: 02/05/2018) |
| 02/05/2018 | 61 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by GE HEALTHCARE USA HOLDING LLC, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES GMBH, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES, INC. (Bellinger, John) (Entered: 02/05/2018) |
| 02/05/2018 | 62 | | NOTICE of Appearance by Robert Adam DeRise on behalf of GE HEALTHCARE USA HOLDING LLC, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES GMBH, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES, INC. (DeRise, Robert) (Entered: 02/05/2018) |
| 02/05/2018 | 63 | | MOTION to Dismiss by ASTRAZENECA UK LIMITED, CILAG GMBH INTERNATIONAL, F. HOFFMANN–LA ROCHE LTD., GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES GMBH, JANSSEN PHARMACEUTICA N.V., PFIZER ENTERPRISES SARL (Attachments: # 1 Memorandum in Support, # 2 Declaration of John F. Baughman, # 3 Declaration of David M. Zionts, # 4 Declaration of Christopher N. Manning, # 5 Declaration of Paul S. Mishkin, # 6 Text of Proposed Order)(MacBride, Neil) (Entered: 02/05/2018) |
| 02/05/2018 | 64 | | MOTION to Dismiss by GENENTECH, INC., HOFFMANN–LA ROCHE INC. (Attachments: # 1 Exhibit Index of Exhibits, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45, # 46 Exhibit 46, # 47 Exhibit 47, # 48 Exhibit 48, # 49 Exhibit 49, # 50 Exhibit 50, # 51 Exhibit 51, # 52 Exhibit 52, # 53 Exhibit 53, # 54 Exhibit 54, # 55 Exhibit 55, # 56 Exhibit 56, # 57 Exhibit 57, # 58 Exhibit 58, # 59 Exhibit 59, # 60 Exhibit 60, # 61 Exhibit 61, # 62 Exhibit 62, # 63 Exhibit 63, # 64 Exhibit 64, # 65 Exhibit 65, # 66 Exhibit 66, # 67 Exhibit 67, # 68 Exhibit 68, # 69 Exhibit 69, # 70 Exhibit 70, # 71 Exhibit 71, # 72 Exhibit 72, # 73 Exhibit 73, # 74 Exhibit 74, # 75 Exhibit 75, # 76 Exhibit 76, # 77 Exhibit 77, # 78 Exhibit 78, # 79 Text of Proposed Order)(Nichols, Carl) (Entered: 02/05/2018) |
| 02/14/2018 | 65 | | STIPULATION *and Joint Motion Regarding A First Amended Complaint and Other Deadlines* by ALL PLAINTIFFS. (Attachments: # 1 Text of Proposed |

| | | | |
|---|---|---|---|
| | | | Order)(Branson, Joshua) (Entered: 02/14/2018) |
| 03/05/2018 | 66 | | Joint MOTION for Extension of Time to *File Amended Complaint and Other Deadlines (Re−Filing Dkt. No. 65)* by ALL PLAINTIFFS (Attachments: # 1 Text of Proposed Order)(Branson, Joshua) (Entered: 03/05/2018) |
| 03/12/2018 | | | MINUTE ORDER granting 66 Motion for Extension of Time. Set/Reset Deadlines: Amended Complaint due by 3/12/2018. It is hereby ORDERED that, upon the filling of a First Amended Complaint, the parties will meet−and−confer in good faith to set a proposed schedule for Defendants to move to dismiss or otherwise respond to the First Amended Complaint. To the extent Plaintiffs' First Amended Complaint asserts claims on behalf of new Plaintiffs, Plaintiffs may comply with Local Rule 5.1(c) by filing under seal a list containing the names and full residential addresses of all new Plaintiffs. It is further ORDERED that the parties shall confer pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3 within 30 days of Defendants filing their motions to dismiss Plaintiffs' First Amended Complaint. Within fourteen days of that meeting, counsel shall submit the materials required by page 2 of the Court's November 14, 2017 Case Management Order. SO ORDERED. Signed by Judge Richard J. Leon on 3/12/18. (lcrjl3) (Entered: 03/12/2018) |
| 03/12/2018 | 67 | | AMENDED COMPLAINT against All Defendants with Jury Demand filed by ALL PLAINTIFFS.(Frederick, David) (Entered: 03/12/2018) |
| 03/12/2018 | 68 | | SEALED DOCUMENT filed by ALL PLAINTIFFS(This document is SEALED and only available to authorized persons.)(Frederick, David) (Entered: 03/12/2018) |
| 03/22/2018 | 69 | | Joint MOTION for Extension of Time to *File and Proposed Briefing Schedule for Motion to Dismiss Briefing filed on behalf of all parties* by CILAG GMBH INTERNATIONAL, ETHICON ENDO−SURGERY, LLC, ETHICON, INC., JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICA N.V., JOHNSON & JOHNSON, JOHNSON & JOHNSON (MIDDLE EAST) INC., ORTHO BIOLOGICS LLC (Attachments: # 1 Text of Proposed Order)(Baughman, John) (Entered: 03/22/2018) |
| 03/26/2018 | | | MINUTE ORDER granting 69 Motion for Extension of Time to Brief Defendants' Motions to Dismiss Plaintiffs' First Amended Complaint. Set/Reset Deadlines: Defendants' Motion to Dismiss on Rule 12(b) grounds other than personal jurisdiction is due by 4/26/2018. That motion shall not exceed 90 pages. Defendants' Motion to Dismiss under Rule 12(b)(2) is also due by 4/26/2018. That motion shall not exceed 25 pages. Plaintiffs' Memoranda in Opposition are due by 6/25/2018. Plaintiffs' memorandum in opposition to Defendants' Motion to Dismiss on Rule 12(b) ground other than personal jurisdiction shall not exceed 90 pages. Plaintiffs' memorandum in opposition to Defendants' Motion to Dismiss under Rule 12(b)(2) shall not exceed 25 pages. Defendants' Reply Memoranda are due by 8/9/2018. Defendants' reply memorandum in support of its motion to dismiss on Rule 12(b) grounds other than personal jurisdiction shall not exceed 45 pages. Defendants' reply memorandum in support of its motion to dismiss under Rule 12(b)(2) shall not exceed 12 pages. SO ORDERED. Signed by Judge Richard J. Leon on 3/26/18.(lcrjl3) (Entered: 03/26/2018) |

| 04/26/2018 | 70 | | MOTION to Dismiss by ASTRAZENECA UK LIMITED, CILAG GMBH INTERNATIONAL, F. HOFFMANN–LA ROCHE LTD., GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES GMBH, JANSSEN PHARMACEUTICA N.V., PFIZER ENTERPRISES SARL (Attachments: # 1 Memorandum in Support, # 2 Declaration of John F. Baughman, # 3 Declaration of David M. Zionts, # 4 Declaration of Christopher N. Manning, # 5 Declaration of Paul S. Mishkin, # 6 Text of Proposed Order)(MacBride, Neil) (Entered: 04/26/2018) |
|---|---|---|---|
| 04/26/2018 | 71 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, CILAG GMBH INTERNATIONAL, ETHICON ENDO–SURGERY, LLC, ETHICON, INC., F. HOFFMANN–LA ROCHE LTD., GE HEALTHCARE USA HOLDING LLC, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES GMBH, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES, INC., GENENTECH, INC., HOFFMANN–LA ROCHE INC., JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICA N.V., JOHNSON & JOHNSON, JOHNSON & JOHNSON (MIDDLE EAST) INC., ORTHO BIOLOGICS LLC, PFIZER ENTERPRISES SARL, PFIZER INC., PFIZER PHARMACEUTICALS LLC, PHARMACIA & UPJOHN COMPANY LLC, WYETH PHARMACEUTICALS INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit, # 2 Text of Proposed Order, # 3 Certificate of Service)(Zionts, David) (Entered: 04/26/2018) |
| 04/26/2018 | 72 | | MOTION to Dismiss by GENENTECH, INC., HOFFMANN–LA ROCHE INC. (Attachments: # 1 Memorandum in Support, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45, # 46 Exhibit 46, # 47 Exhibit 47, # 48 Exhibit 48, # 49 Exhibit 49, # 50 Exhibit 50, # 51 Exhibit 51, # 52 Exhibit 52, # 53 Exhibit 53, # 54 Exhibit 54, # 55 Exhibit 55, # 56 Exhibit 56, # 57 Exhibit 57, # 58 Exhibit 58, # 59 Exhibit 59, # 60 Exhibit 60, # 61 Exhibit 61, # 62 Exhibit 62, # 63 Exhibit 63, # 64 Exhibit 64, # 65 Exhibit 65, # 66 Exhibit 66, # 67 Exhibit 67, # 68 Exhibit 68, # 69 Exhibit 69, # 70 Exhibit 70, # 71 Exhibit 71, # 72 Exhibit 72, # 73 Exhibit 73, # 74 Exhibit 74, # 75 Exhibit 75, # 76 Exhibit 76, # 77 Exhibit 77, # 78 Exhibit 78, # 79 Exhibit 79, # 80 Exhibit 80, # 81 Exhibit 81, # 82 Exhibit 82, # 83 Exhibit 83, # 84 Exhibit 84, # 85 Exhibit 85, # 86 Exhibit 86, # 87 Exhibit 87, # 88 Exhibit 88, # 89 Exhibit 89, # 90 Exhibit 90, # 91 Exhibit 91, # 92 Exhibit 92, # 93 Exhibit 93, # 94 Exhibit 94, # 95 Exhibit 95, # 96 Text of Proposed Order)(Nichols, Carl) (Entered: 04/26/2018) |
| 06/12/2018 | 73 | | MEET AND CONFER STATEMENT. (Attachments: # 1 Text of Proposed Order / [Proposed] Scheduling Order)(Johnson, Jeh) (Entered: 06/12/2018) |
| 06/12/2018 | 74 | | |

| | | | |
|---|---|---|---|
| | | | MOTION to Stay *Discovery* by CILAG GMBH INTERNATIONAL, ETHICON ENDO–SURGERY, LLC, ETHICON, INC., JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICA N.V., JOHNSON & JOHNSON, JOHNSON & JOHNSON (MIDDLE EAST) INC., ORTHO BIOLOGICS LLC (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Johnson, Jeh) (Entered: 06/12/2018) |
| 06/22/2018 | | | MINUTE ORDER. Upon consideration of 73 Joint Meet and Confer Statement, is it hereby ORDERED that, in the event one or more of plaintiffs' claims survives the motions to dismiss, within 30 days of the Court's ruling the parties shall submit a supplemental Joint Meet and Confer Statement and scheduling order pursuant to Local Civil Rule 16.3. SO ORDERED. Signed by Judge Richard J. Leon on 6/22/2018. (lcrjl3) (Entered: 06/22/2018) |
| 06/25/2018 | 75 | | RESPONSE re 70 MOTION to Dismiss filed by ALL PLAINTIFFS. (Attachments: # 1 Text of Proposed Order)(Frederick, David) (Entered: 06/25/2018) |
| 06/25/2018 | 76 | | RESPONSE re 72 MOTION to Dismiss filed by ALL PLAINTIFFS. (Attachments: # 1 Exhibit Index, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Text of Proposed Order)(Frederick, David) (Entered: 06/25/2018) |
| 06/26/2018 | 77 | | RESPONSE re 74 MOTION to Stay *Discovery* filed by ALL PLAINTIFFS. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Frederick, David) (Entered: 06/26/2018) |
| 07/03/2018 | 78 | | REPLY to opposition to motion re 74 MOTION to Stay *Discovery filed on behalf of all defendants* filed by CILAG GMBH INTERNATIONAL, ETHICON ENDO–SURGERY, LLC, ETHICON, INC., JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICA N.V., JOHNSON & JOHNSON, JOHNSON & JOHNSON (MIDDLE EAST) INC., ORTHO BIOLOGICS LLC. (Johnson, Jeh) (Entered: 07/03/2018) |
| 07/09/2018 | | | MINUTE ORDER. Upon consideration of 74 Motion to Stay Discovery, it is hereby ORDERED that the motion is GRANTED, and discovery is STAYED pending the Court's ruling on defendants' motions to dismiss. SO ORDERED. Signed by Judge Richard J. Leon on 7/9/2018. (lcrjl3) (Entered: 07/09/2018) |
| 07/26/2018 | 79 | | ENTERED IN ERROR.....NOTICE OF SUPPLEMENTAL AUTHORITY by ALL PLAINTIFFS (Attachments: # 1 Exhibit A – Kaplan v. Central Bank of the Islamic Republic of Iran)(Frederick, David) Modified on 7/27/2018 (zjf). (Entered: 07/26/2018) |
| 07/27/2018 | | | NOTICE OF CORRECTED DOCKET ENTRY: Document No. re 79 NOTICE OF SUPPLEMENTAL AUTHORITY was entered in error and counsel was instructed to refile said pleading as proper pleading. (Counsel should review LCvR 5.1 (a) CORRESPONDENCE WITH THE COURT) (jf) (Entered: 07/27/2018) |
| 07/27/2018 | 80 | | NOTICE OF SUPPLEMENTAL AUTHORITY by ALL PLAINTIFFS (Attachments: # 1 Exhibit A – Kaplan v. Central Bank of the Islamic Republic of Iran)(Frederick, David) (Entered: 07/27/2018) |
| 08/01/2018 | 81 | | |

| | | | |
|---|---|---|---|
| | | | RESPONSE re <u>80</u> NOTICE OF SUPPLEMENTAL AUTHORITY *filed on behalf of all defendants* filed by GE HEALTHCARE USA HOLDING LLC, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES GMBH, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES, INC.. (Bellinger, John) (Entered: 08/01/2018) |
| 08/03/2018 | <u>82</u> | | NOTICE OF SUPPLEMENTAL AUTHORITY by ALL PLAINTIFFS (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B)(Frederick, David) (Entered: 08/03/2018) |
| 08/09/2018 | <u>83</u> | | REPLY to opposition to motion re <u>70</u> MOTION to Dismiss filed by ASTRAZENECA UK LIMITED, CILAG GMBH INTERNATIONAL, F. HOFFMANN–LA ROCHE LTD., GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES GMBH, JANSSEN PHARMACEUTICA N.V., PFIZER ENTERPRISES SARL. (MacBride, Neil) (Entered: 08/09/2018) |
| 08/09/2018 | <u>84</u> | | REPLY to opposition to motion re <u>72</u> MOTION to Dismiss , <u>70</u> MOTION to Dismiss filed by GENENTECH, INC., HOFFMANN–LA ROCHE INC.. (Carome, Patrick) (Entered: 08/09/2018) |
| 08/09/2018 | <u>85</u> | | RESPONSE re <u>82</u> NOTICE OF SUPPLEMENTAL AUTHORITY filed by GENENTECH, INC., HOFFMANN–LA ROCHE INC.. (Carome, Patrick) (Entered: 08/09/2018) |
| 08/15/2018 | <u>86</u> | | NOTICE OF SUPPLEMENTAL AUTHORITY by ALL PLAINTIFFS (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E)(Frederick, David) (Entered: 08/15/2018) |
| 08/22/2018 | <u>87</u> | | RESPONSE re <u>86</u> NOTICE OF SUPPLEMENTAL AUTHORITY *filed on behalf of all defendants* filed by CILAG GMBH INTERNATIONAL, ETHICON ENDO–SURGERY, LLC, ETHICON, INC., JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICA N.V., JOHNSON & JOHNSON, JOHNSON & JOHNSON (MIDDLE EAST) INC., ORTHO BIOLOGICS LLC. (Johnson, Jeh) (Entered: 08/22/2018) |
| 08/28/2018 | <u>88</u> | | Unopposed MOTION to Withdraw as Attorney *re G. Derek Andreson* by ALL PLAINTIFFS (Attachments: # <u>1</u> Text of Proposed Order)(Sparacino, Ryan) (Entered: 08/28/2018) |
| 08/30/2018 | <u>89</u> | | Unopposed MOTION to Withdraw as Attorney *re Nicholas O. Hunter* by ALL PLAINTIFFS (Attachments: # <u>1</u> Text of Proposed Order)(Hunter, Nicholas) (Entered: 08/30/2018) |
| 09/02/2018 | | | MINUTE ORDER. Upon consideration of <u>88</u> and <u>89</u> Motions to Withdraw the Appearances of G. Derek Anderson and Nicholas O. Hunter as Counsel for All Plaintiffs, it is hereby ORDERED that the motions are GRANTED. The clerk shall reflect the termination of attorneys G. Derek Andreson and Nicholas O. Hunter on the docket. SO ORDERED. Signed by Judge Richard J. Leon on 9/2/18. (lcrjl3) (Entered: 09/02/2018) |
| 09/12/2018 | <u>90</u> | | NOTICE OF SUPPLEMENTAL AUTHORITY by CILAG GMBH INTERNATIONAL, ETHICON ENDO–SURGERY, LLC, ETHICON, INC., JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICA N.V., JOHNSON & JOHNSON, JOHNSON & JOHNSON (MIDDLE EAST) INC., ORTHO BIOLOGICS LLC (Attachments: # <u>1</u> Exhibit 1 –– Brill v Chevron Corp., # <u>2</u> |

| | | | |
|---|---|---|---|
| | | | Exhibit 2 –– Gonzalez v Google Inc)(Johnson, Jeh) (Entered: 09/12/2018) |
| 09/18/2018 | 91 | | RESPONSE re 90 NOTICE OF SUPPLEMENTAL AUTHORITY, filed by ALL PLAINTIFFS. (Frederick, David) (Entered: 09/18/2018) |
| 10/23/2018 | 92 | | NOTICE OF SUPPLEMENTAL AUTHORITY by ALL PLAINTIFFS (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Frederick, David) (Entered: 10/23/2018) |
| 10/26/2018 | 93 | | NOTICE of Voluntary Dismissal re Gary Huffman, Karen Huffman, Torie Murphy, Estate of Jason Huffman . *This has no effect on the claims asserted by the other Plaintiffs.* (Frederick, David) (Entered: 10/26/2018) |
| 10/31/2018 | 94 | | RESPONSE re 92 NOTICE OF SUPPLEMENTAL AUTHORITY *filed on behalf of all defendants* filed by CILAG GMBH INTERNATIONAL, ETHICON ENDO–SURGERY, LLC, ETHICON, INC., JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICA N.V., JOHNSON & JOHNSON, JOHNSON & JOHNSON (MIDDLE EAST) INC., ORTHO BIOLOGICS LLC. (Johnson, Jeh) (Entered: 10/31/2018) |
| 12/04/2018 | 95 | | WITHDRAWN PURUANT TO ORDER FILED 12/21/18.....MOTION for Leave to File . *Plaintiffs' Time–Sensitive Motion for Leave to Add Additional Plaintiffs by December 31, 2018* by ALL PLAINTIFFS (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Frederick, David) Modified on 12/21/2018 to reflect that the motion has been withdrawn. (jth) (Entered: 12/04/2018) |
| 12/06/2018 | | | MINUTE ORDER. A status conference is hereby set for 12/19/2018 at 03:00 PM in Courtroom 18 before Judge Richard J. Leon. Signed by Judge Richard J. Leon on 12/6/18. (lcrjl3) (Entered: 12/06/2018) |
| 12/18/2018 | 96 | | Joint MOTION Order Regarding Proposed Second Amended Complaint re 95 MOTION for Leave to File . *Plaintiffs' Time–Sensitive Motion for Leave to Add Additional Plaintiffs by December 31, 2018 Stipulation and Joint Motion Regarding Plaintiffs' Proposed Second Amended Complaint*, Joint MOTION to Withdraw 95 MOTION for Leave to File . *Plaintiffs' Time–Sensitive Motion for Leave to Add Additional Plaintiffs by December 31, 2018* by PFIZER ENTERPRISES SARL, PFIZER INC., PFIZER PHARMACEUTICALS LLC, PHARMACIA & UPJOHN COMPANY LLC, WYETH PHARMACEUTICALS INC. (Attachments: # 1 Text of Proposed Order)(Manning, Christopher) (Entered: 12/18/2018) |
| 12/19/2018 | | | Minute Entry for proceedings held before Judge Richard J. Leon: Status Conference held on 12/19/2018. The parties shall meet, confer and contact chambers with proposed dates for another status conference to be held in early February, 2019. (Court Reporter: William P. Zaremba) (jth) (Entered: 12/19/2018) |
| 12/20/2018 | 97 | | NOTICE of Appearance by Matthew M. Duffy on behalf of ALL PLAINTIFFS (Duffy, Matthew) (Entered: 12/20/2018) |
| 12/21/2018 | 98 | | ORDER. Upon consideration of the parties 96 Joint Motion regarding Plaintiffs' Proposed Second Amended Complaint, it is hereby ORDERED that the 96 Motion is GRANTED. 1) Plaintiffs' pending "Time–Sensitive Motion for Leave to Add Additional Plaintiffs by December 31, 2018" (Dkt. 95) is |

| | | | |
|---|---|---|---|
| | | | hereby withdrawn. 2) On or before December 31, 2018, Plaintiffs may file a new Motion for Leave to Amend the Complaint to add new plaintiffs accompanied by a concurrently filed proposed Second Amended Complaint that includes the new plaintiffs' names and factual allegations following the general form set forth in Dkt. 95–1. (SEE THE ORDER FOR COMPLETE DETAILS). Signed by Judge Richard J. Leon on 12/20/18. (jth) (Entered: 12/21/2018) |
| 12/31/2018 | 99 | | NOTICE of Voluntary Dismissal re Lori Silveri . *This has no effect on the claims asserted by the other Plaintiffs.* (Frederick, David) (Entered: 12/31/2018) |
| 12/31/2018 | 100 | | MOTION for Leave to File *A Second Amended Complaint* by ALL PLAINTIFFS (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Frederick, David) (Entered: 12/31/2018) |
| 01/10/2019 | 101 | | Joint MOTION for Extension of Time to File Response/Reply as to 100 MOTION for Leave to File *A Second Amended Complaint and Stipulation Regarding Scheduling of Status Conference* by PFIZER ENTERPRISES SARL, PFIZER INC., PFIZER PHARMACEUTICALS LLC, PHARMACIA & UPJOHN COMPANY LLC, WYETH PHARMACEUTICALS INC. (Attachments: # 1 Exhibit Proposed Order)(Manning, Christopher) (Entered: 01/10/2019) |
| 01/16/2019 | | | MINUTE ORDER. Upon consideration of the parties' joint 101 Motion Regarding Extension of Time to Respond to Plaintiffs' Motion for Leave to File a Second Amended Complaint and Scheduling of Status Conference, it is hereby ORDERED that the motion is GRANTED, and defendants shall respond to plaintiffs' 100 Motion for Leave to File a Second Amended Complaint on or before January 25, 2019. It is further ORDERED that a status conference is set for February 4, 2019, at 3:00 PM in Courtroom 18 before Judge Richard J. Leon. SO ORDERED. Signed by Judge Richard J. Leon on 1/16/2019. (lcrjl2) (Entered: 01/16/2019) |
| 01/25/2019 | 102 | | RESPONSE re 100 MOTION for Leave to File *A Second Amended Complaint* filed by ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, CILAG GMBH INTERNATIONAL, ETHICON ENDO–SURGERY, LLC, ETHICON, INC., F. HOFFMANN–LA ROCHE LTD., GE HEALTHCARE USA HOLDING LLC, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES GMBH, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES, INC., GENENTECH, INC., HOFFMANN–LA ROCHE INC., JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICA N.V., JOHNSON & JOHNSON, JOHNSON & JOHNSON (MIDDLE EAST) INC., ORTHO BIOLOGICS LLC, PFIZER ENTERPRISES SARL, PFIZER INC., PFIZER PHARMACEUTICALS LLC, PHARMACIA & UPJOHN COMPANY LLC, WYETH PHARMACEUTICALS INC.. (MacBride, Neil) (Entered: 01/25/2019) |
| 01/30/2019 | 103 | | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Richard J. Leon held on December 19, 2018; Page Numbers: 1–30. Date of Issuance: January 30, 2019. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form |

| | | | |
|---|---|---|---|
| | | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased fr om the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 2/20/2019. Redacted Transcript Deadline set for 3/2/2019. Release of Transcript Restriction set for 4/30/2019.(wz) (Entered: 01/30/2019) |
| 01/30/2019 | 104 | | SEALED DOCUMENT filed by ALL PLAINTIFFS(This document is SEALED and only available to authorized persons.)(Frederick, David) (Entered: 01/30/2019) |
| 01/31/2019 | 105 | | REPLY to opposition to motion re 100 MOTION for Leave to File *A Second Amended Complaint* filed by ALL PLAINTIFFS. (Attachments: # 1 Text of Proposed Order)(Frederick, David) (Entered: 01/31/2019) |
| 02/04/2019 | | | Minute Entry: Status Conference held on 2/4/2019 before Judge Richard J. Leon: It is hereby ordered that plaintiffs' 100 Motion For Leave to File Second Amended Complaint is GRANTED. Defendant's 63 64 70 and 72 Motions to Dismiss are hereby DENIED without prejudice to refiling updated motions. Updated motions are due by 4/4/19 and any responses are due 30 days thereafter. Page limit on new motions filed shall remain the same as indicated in the Court's previous order. (Court Reporter William Zaremba) (tb) Modified on 2/6/2019 (jth). (Entered: 02/05/2019) |
| 02/04/2019 | 106 | | SECOND AMENDED COMPLAINT against All Defendants with Jury Demand filed by ALL PLAINTIFFS.(jf) (Entered: 02/08/2019) |
| 02/06/2019 | | | Set/Reset Deadlines: Updated Dispositive Motions due by 4/4/2019 any responses thereto are due 30 days thereafter. (jth) (Entered: 02/06/2019) |
| 02/11/2019 | | | MINUTE ORDER. Upon consideration of defendants' 71 Sealed Motion for Leave to File Document Under Seal, it is hereby ORDERED that the motion is GRANTED. The Clerk is directed to maintain under seal defendants' Sealed Motion for Leave to File Under Seal [Dkt. # 71] and to file under seal the Notice attached to defendants' motion [Dkt. # 71–1]. SO ORDERED. Signed by Judge Richard J. Leon on 2/11/2019. (lcrjl2) (Entered: 02/11/2019) |
| 02/11/2019 | 107 | | SEALED DOCUMENT (Notice) filed by ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, CILAG GMBH INTERNATIONAL, ETHICON ENDO–SURGERY, LLC, ETHICON, INC., F. HOFFMANN–LA ROCHE LTD., GE HEALTHCARE USA HOLDING LLC, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES GMBH, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES, INC., GENENTECH, INC., HOFFMANN–LA ROCHE INC., JANSSEN ORTHO |

| | | | |
|---|---|---|---|
| | | | LLC, JANSSEN PHARMACEUTICA N.V., JOHNSON & JOHNSON, JOHNSON & JOHNSON (MIDDLE EAST) INC., ORTHO BIOLOGICS LLC, PFIZER ENTERPRISES SARL, PFIZER INC., PFIZER PHARMACEUTICALS LLC, PHARMACIA & UPJOHN COMPANY LLC, WYETH PHARMACEUTICALS INC.. (This document is SEALED and only available to authorized persons.)(znmw) (Entered: 02/25/2019) |
| 02/28/2019 | 108 | | ENTERED IN ERROR.....TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Richard J. Leon held on February 4, 2019; Page Numbers: 1–20. Date of Issuance: February 28, 2019. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 3/21/2019. Redacted Transcript Deadline set for 3/31/2019. Release of Transcript Restriction set for 5/29/2019.(wz) Modified on 3/6/2019 (zjf). (Entered: 02/28/2019) |
| 03/06/2019 | | | NOTICE OF CORRECTED DOCKET ENTRY: Document No re 108 Transcript was entered in error and will be refiled with correct transcript attached.(jf) (Entered: 03/06/2019) |
| 03/06/2019 | 109 | | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Richard J. Leon held on February 4, 2019; Page Numbers: 1–20. Date of Issuance: March 6, 2019. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from t he court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | | |
|---|---|---|---|
| | | | Redaction Request due 3/27/2019. Redacted Transcript Deadline set for 4/6/2019. Release of Transcript Restriction set for 6/4/2019.(wz) (Entered: 03/06/2019) |
| 04/04/2019 | 110 | | NOTICE of Appearance by Kannon K. Shanmugam on behalf of CILAG GMBH INTERNATIONAL, ETHICON ENDO–SURGERY, LLC, ETHICON, INC., JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICA N.V., JOHNSON & JOHNSON, JOHNSON & JOHNSON (MIDDLE EAST) INC., ORTHO BIOLOGICS LLC (Shanmugam, Kannon) (Entered: 04/04/2019) |
| 04/04/2019 | 111 | | MOTION to Dismiss by GENENTECH, INC., HOFFMANN–LA ROCHE INC. (Attachments: # 1 Memorandum in Support, # 2 Exhibit Index, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45, # 46 Exhibit 46, # 47 Exhibit 47, # 48 Exhibit 48, # 49 Exhibit 49, # 50 Exhibit 50, # 51 Exhibit 51, # 52 Exhibit 52, # 53 Exhibit 53, # 54 Exhibit 54, # 55 Exhibit 55, # 56 Exhibit 56, # 57 Exhibit 57, # 58 Exhibit 58, # 59 Exhibit 59, # 60 Exhibit 60, # 61 Exhibit 61, # 62 Exhibit 62, # 63 Exhibit 63, # 64 Exhibit 64, # 65 Exhibit 65, # 66 Exhibit 66, # 67 Exhibit 67, # 68 Exhibit 68, # 69 Exhibit 69, # 70 Exhibit 70, # 71 Exhibit 71, # 72 Exhibit 72, # 73 Exhibit 73, # 74 Exhibit 74, # 75 Exhibit 75, # 76 Text of Proposed Order)(Carome, Patrick) (Entered: 04/04/2019) |
| 04/04/2019 | 112 | | MOTION to Dismiss *the Second Amended Complaint* by ASTRAZENECA UK LIMITED, CILAG GMBH INTERNATIONAL, F. HOFFMANN–LA ROCHE LTD., GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES GMBH, JANSSEN PHARMACEUTICA N.V., PFIZER ENTERPRISES SARL (Attachments: # 1 Memorandum in Support, # 2 Declaration of John F. Baughman, # 3 Declaration of David M. Zionts, # 4 Declaration of Christopher N. Manning, # 5 Declaration of Paul S. Mishkin, # 6 Text of Proposed Order)(MacBride, Neil) (Entered: 04/05/2019) |
| 05/06/2019 | 113 | | RESPONSE re 112 MOTION to Dismiss *the Second Amended Complaint* filed by ALL PLAINTIFFS. (Attachments: # 1 Text of Proposed Order)(Frederick, David) (Entered: 05/06/2019) |
| 05/06/2019 | 114 | | RESPONSE re 111 MOTION to Dismiss filed by ALL PLAINTIFFS. (Attachments: # 1 Exhibit 1 (Index of Exhibits), # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Text of Proposed Order)(Frederick, David) (Entered: 05/06/2019) |
| 05/09/2019 | 115 | | Consent MOTION for Leave to File *Reply Briefs* by PFIZER ENTERPRISES SARL, PFIZER INC., PFIZER PHARMACEUTICALS LLC, PHARMACIA & UPJOHN COMPANY LLC, WYETH PHARMACEUTICALS INC. (Attachments: # 1 Text of Proposed Order)(Manning, Christopher) (Entered: 05/09/2019) |

| 05/13/2019 | | | MINUTE ORDER. Upon consideration of defendants' consent 115 Motion for Leave to File Reply Briefing in Support of Defendants' Motions to Dismiss the Second Amended Complaint, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that defendants shall file reply briefs in support of their 111 and 112 motions to dismiss the second amended complaint on or before June 5, 2019; and it is further ORDERED that defendants' reply briefs shall be limited to 12 pages in support of defendants' motion to dismiss for lack of personal jurisdiction and 45 pages in support of defendants' motion to dismiss asserting all other bases for dismissal. SO ORDERED. Signed by Judge Richard J. Leon on 5/13/2019. (lcrjl2) (Entered: 05/13/2019) |
| 06/05/2019 | 116 | | REPLY to opposition to motion re 112 , 111 MOTION to Dismiss *the Second Amended Complaint* filed by ASTRAZENECA UK LIMITED, CILAG GMBH INTERNATIONAL, F. HOFFMANN–LA ROCHE LTD., GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES GMBH, JANSSEN PHARMACEUTICA N.V., PFIZER ENTERPRISES SARL. (MacBride, Neil) Modified for additional linkage on 6/6/2019 (ztd). (Entered: 06/05/2019) |
| 06/05/2019 | 117 | | REPLY to opposition to motion re 111 MOTION to Dismiss filed by GENENTECH, INC., HOFFMANN–LA ROCHE INC.. (Carome, Patrick) (Entered: 06/05/2019) |
| 06/20/2019 | 118 | | NOTICE *Regarding Availability of Counsel for Argument on Defendants' Motions to Dismiss the Second Amended Complaint* by PFIZER ENTERPRISES SARL, PFIZER INC., PFIZER PHARMACEUTICALS LLC, PHARMACIA & UPJOHN COMPANY LLC, WYETH PHARMACEUTICALS INC. (Manning, Christopher) (Entered: 06/20/2019) |
| 08/30/2019 | 119 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to GE HEALTHCARE USA HOLDING LLC, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES GMBH, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES, INC.. Attorney Robert Adam DeRise terminated. (DeRise, Robert) (Entered: 08/30/2019) |
| 09/05/2019 | | | MINUTE ORDER. It is hereby ORDERED that a motions hearing on defendants' motions to dismiss the second amended complaint shall be held on October 30, 2019, at 3:00 PM in Courtroom 18 before Judge Richard J. Leon. SO ORDERED. Signed by Judge Richard J. Leon on 9/5/2019. (lcrjl2) (Entered: 09/05/2019) |
| 09/05/2019 | | | Set/Reset Hearings: Motion Hearing set for 10/30/2019, at 3:00 PM in Courtroom 18 before Judge Richard J. Leon. (tg) (Entered: 09/05/2019) |
| 09/06/2019 | 120 | | Unopposed MOTION to Withdraw as Attorney *re Carl J. Nichols* by GENENTECH, INC., HOFFMANN–LA ROCHE INC. (Attachments: # 1 Text of Proposed Order)(Carome, Patrick) (Entered: 09/06/2019) |
| 09/11/2019 | | | MINUTE ORDER. Upon consideration of defendants' unopposed 120 Motion to Withdraw the Appearance of Carl J. Nichols as Counsel for Defendants Genentech, Inc. and Hoffman–La Roche Inc., it is hereby ORDERED that the motion is GRANTED. SO ORDERED. Signed by Judge Richard J. Leon on 9/11/2019. (lcrjl2) (Entered: 09/11/2019) |
| 10/10/2019 | 121 | | NOTICE OF SUPPLEMENTAL AUTHORITY by ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, CILAG GMBH |

| | | | |
|---|---|---|---|
| | | | INTERNATIONAL, ETHICON ENDO–SURGERY, LLC, ETHICON, INC., F. HOFFMANN–LA ROCHE LTD., GE HEALTHCARE USA HOLDING LLC, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES GMBH, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES, INC., GENENTECH, INC., HOFFMANN–LA ROCHE INC., JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICA N.V., JOHNSON & JOHNSON, JOHNSON & JOHNSON (MIDDLE EAST) INC., ORTHO BIOLOGICS LLC, PFIZER ENTERPRISES SARL, PFIZER INC., PFIZER PHARMACEUTICALS LLC, PHARMACIA & UPJOHN COMPANY LLC, WYETH PHARMACEUTICALS INC. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Bellinger, John) (Entered: 10/10/2019) |
| 10/16/2019 | 122 | | RESPONSE re 121 NOTICE OF SUPPLEMENTAL AUTHORITY,, filed by ALL PLAINTIFFS. (Frederick, David) (Entered: 10/16/2019) |
| 10/30/2019 | | | Minute Entry for Proceedings held before Judge Richard J. Leon: Motions Hearing held on 10/30/2019 re: 111 MOTION to Dismiss; and 112 MOTION to Dismiss *the Second Amended Complaint*. The 111 112 Motions were Heard and Taken Under Advisement. (Court Reporter: William P. Zaremba) (jth) Modified on 11/13/2019 to reflect that the hearing was held on 10/30/2019 not 10/31/2019. (jth). (Entered: 10/31/2019) |
| 11/08/2019 | 123 | | TRANSCRIPT OF MOTION HEARING PROCEEDINGS before Judge Richard J. Leon held on October 30, 2019; Page Numbers: 1–99. Date of Issuance: November 8, 2019. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 11/29/2019. Redacted Transcript Deadline set for 12/9/2019. Release of Transcript Restriction set for 2/6/2020.(wz) (Main Document 123 replaced on 11/25/2019) (zjf). (Entered: 11/08/2019) |
| 01/21/2020 | 124 | | THIRD AMENDED COMPLAINT *FOR VIOLATION OF THE ANTI–TERRORISM ACT AND STATE LAW (THIRD AMENDED COMPLAINT)* against All Defendants with Jury Demand filed by ALL PLAINTIFFS.(Frederick, David) Modified event title on 1/27/2020 (znmw). (Entered: 01/21/2020) |
| 01/21/2020 | 125 | | Joint MOTION Regarding Plaintiffs' Third Amended Complaint re 124 Amended Complaint *and Stipulation* by ALL PLAINTIFFS (Attachments: # 1 |

| | | | |
|---|---|---|---|
| | | | Exhibit A, # 2 Text of Proposed Order)(Branson, Joshua) (Entered: 01/21/2020) |
| 01/30/2020 | 126 | | ORDER. Upon consideration of the parties' 125 Stipulation and Joint Motion Regarding Plaintiffs' Third Amended Complaint ("TAC"), it is hereby ORDERED that the 125 Motion is GRANTED. It is further ORDERED that defendants shall file new motions to dismiss the Third Amended Complaint ("TAC") within seven (7) days of the entry of this Order. On the same day the new motion to dismiss is filed, the parties shall refile their prior briefing directed to Defendants' motion to dismiss the Second Amended Complaint (the "Existing Briefs") [Dkt. ## 111–114–9, 116–117]. That briefing, as well as the October 30, 2019 oral argument, shall apply to the new motions to dismiss the TAC without the need for renewed briefing or oral argument. The parties' arguments set forth in their respective Existing Briefs and the October 30, 2019 oral argument shall apply to the new motions to dismiss as if they had been directed to the TAC in the first instance, and all Plaintiffs asserting claims in the proposed TAC shall be bound by the Court's ruling on the new motions to dismiss. It is further ORDERED that Plaintiffs may file the information required by Local Civil Rule 5.1(c) in the manner previously allowed by the Court, i.e., under seal and within thirty (30) days of the entry of this Order. See Dkt. 3. It is further ORDERED that nothing in this Order constitutes a waiver or forfeiture of any right, defense, denial, or response, including, but not limited to, those relating to the statutes of limitations, misjoinder of claims, personal jurisdiction, or service of process, nor otherwise establishes or confers personal jurisdiction with respect to, or service of process upon, the Defendants. Should Defendants at a later date wish to assert grounds for dismissing or severing the TAC's amended or newly–added claims or Plaintiffs for reasons in addition to those asserted in Defendants' Existing Briefs, nothing in this Order prevents them from doing so or prevents Plaintiffs from opposing Defendants' attempt to do so. Signed by Judge Richard J. Leon on 1/28/2020. (jth) (Entered: 01/30/2020) |
| 02/05/2020 | 127 | | NOTICE of Appearance by Brian Gilmore on behalf of PFIZER ENTERPRISES SARL, PFIZER INC., PFIZER PHARMACEUTICALS LLC, PHARMACIA & UPJOHN COMPANY LLC, WYETH PHARMACEUTICALS INC. (Gilmore, Brian) (Entered: 02/05/2020) |
| 02/05/2020 | 128 | | MOTION to Dismiss *the Third Amended Complaint* by GE HEALTHCARE USA HOLDING LLC, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES GMBH, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES, INC., ASTRAZENECA PHARMACEUTICALS LP, JOHNSON & JOHNSON, ETHICON ENDO–SURGERY, LLC, ETHICON, INC., JANSSEN ORTHO LLC, JOHNSON & JOHNSON (MIDDLE EAST) INC., ORTHO BIOLOGICS LLC, PFIZER INC., PFIZER PHARMACEUTICALS LLC, PHARMACIA & UPJOHN COMPANY LLC, WYETH PHARMACEUTICALS INC., GENENTECH, INC., HOFFMANN–LA ROCHE INC. (Attachments: # 1 Memorandum in Support Memorandum in Support, # 2 Exhibit Exhibit Index, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6, # 7 Exhibit Exhibit 7, # 8 Exhibit Exhibit 8, # 9 Exhibit Exhibit 9, # 10 Exhibit Exhibit 10, # 11 Exhibit Exhibit 11, # 12 Exhibit Exhibit 12, # 13 Exhibit Exhibit 13, # 14 Exhibit Exhibit 14, # 15 Exhibit Exhibit 15, # 16 Exhibit Exhibit 16, # 17 Exhibit Exhibit 17, # 18 Exhibit Exhibit 18, # 19 Exhibit Exhibit 19, # 20 |

| | | |
|---|---|---|
| | | Exhibit Exhibit 20, # 21 Exhibit Exhibit 21, # 22 Exhibit Exhibit 22, # 23 Exhibit Exhibit 23, # 24 Exhibit Exhibit 24, # 25 Exhibit Exhibit 25, # 26 Exhibit Exhibit 26, # 27 Exhibit Exhibit 27, # 28 Exhibit Exhibit 28, # 29 Exhibit Exhibit 29, # 30 Exhibit Exhibit 30, # 31 Exhibit Exhibit 31, # 32 Exhibit Exhibit 32, # 33 Exhibit Exhibit 33, # 34 Exhibit Exhibit 34, # 35 Exhibit Exhibit 35, # 36 Exhibit Exhibit 36, # 37 Exhibit Exhibit 37, # 38 Exhibit Exhibit 38, # 39 Exhibit Exhibit 39, # 40 Exhibit Exhibit 40, # 41 Exhibit Exhibit 41, # 42 Exhibit Exhibit 42, # 43 Exhibit Exhibit 43, # 44 Exhibit Exhibit 44, # 45 Exhibit Exhibit 45, # 46 Exhibit Exhibit 46, # 47 Exhibit Exhibit 47, # 48 Exhibit Exhibit 48, # 49 Exhibit Exhibit 49, # 50 Exhibit Exhibit 50, # 51 Exhibit Exhibit 51, # 52 Exhibit Exhibit 52, # 53 Exhibit Exhibit 53, # 54 Exhibit Exhibit 54, # 55 Exhibit Exhibit 55, # 56 Exhibit Exhibit 56, # 57 Exhibit Exhibit 57, # 58 Exhibit Exhibit 58, # 59 Exhibit Exhibit 59, # 60 Exhibit Exhibit 60, # 61 Exhibit Exhibit 61, # 62 Exhibit Exhibit 62, # 63 Exhibit Exhibit 63, # 64 Exhibit Exhibit 64, # 65 Exhibit Exhibit 65, # 66 Exhibit Exhibit 66, # 67 Exhibit Exhibit 67, # 68 Exhibit Exhibit 68, # 69 Exhibit Exhibit 69, # 70 Exhibit Exhibit 70, # 71 Exhibit Exhibit 71, # 72 Exhibit Exhibit 72, # 73 Exhibit Exhibit 73, # 74 Exhibit Exhibit 74, # 75 Exhibit Exhibit 75, # 76 Text of Proposed Order Text of Proposed Order)(Bellinger, John) (Entered: 02/05/2020) |
| 02/05/2020 | 129 | REPLY to opposition to motion re 128 MOTION to Dismiss *the Third Amended Complaint* filed by GE HEALTHCARE USA HOLDING LLC, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES GMBH, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES, INC.. (Bellinger, John) (Entered: 02/05/2020) |
| 02/05/2020 | 130 | MOTION to Dismiss *the Third Amended Complaint* by ASTRAZENECA UK LIMITED, GE HEALTHCARE USA HOLDING LLC, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES GMBH, CILAG GMBH INTERNATIONAL, JANSSEN PHARMACEUTICA N.V., PFIZER ENTERPRISES SARL, F. HOFFMANN–LA ROCHE LTD. (Attachments: # 1 Memorandum in Support Memorandum in Support, # 2 Declaration Declaration of John F. Baughman, # 3 Declaration Declaration of David M. Zionts, # 4 Declaration Declaration of Christopher N. Manning, # 5 Declaration Declaration of Paul S. Mishkin, # 6 Text of Proposed Order Text of Proposed Order)(Bellinger, John) (Entered: 02/05/2020) |
| 02/05/2020 | 131 | REPLY to opposition to motion re 128 MOTION to Dismiss *the Third Amended Complaint*, 130 MOTION to Dismiss *the Third Amended Complaint* filed by GE HEALTHCARE USA HOLDING LLC, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES GMBH, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES, INC.. (Bellinger, John) (Entered: 02/05/2020) |
| 02/05/2020 | 132 | RESPONSE re 128 MOTION to Dismiss *the Third Amended Complaint* filed by ALL PLAINTIFFS. (Attachments: # 1 Exhibit 1 (Index of Exhibits), # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Text of Proposed Order)(Frederick, David) (Entered: 02/05/2020) |
| 02/05/2020 | 133 | RESPONSE re 130 MOTION to Dismiss *the Third Amended Complaint* filed by ALL PLAINTIFFS. (Attachments: # 1 Text of Proposed Order)(Frederick, |

| | | | |
|---|---|---|---|
| | | | David) (Entered: 02/05/2020) |
| 02/07/2020 | | | NOTICE OF ERROR re 128 Motion to Dismiss; emailed to john.bellinger@apks.com, cc'd 53 associated attorneys –– The PDF file you docketed contained errors: 1. FYI– Counsel is reminded to select all filing parties (zjf, ) (Entered: 02/07/2020) |
| 02/07/2020 | | | NOTICE OF ERROR re 130 Motion to Dismiss; emailed to john.bellinger@apks.com, cc'd 53 associated attorneys –– The PDF file you docketed contained errors: 1. FYI– Counsel is reminded to select all filing parties (zjf, ) (Entered: 02/07/2020) |
| 02/12/2020 | 134 | | NOTICE of Appearance by Melissa B. Collins on behalf of PFIZER ENTERPRISES SARL, PFIZER INC., PFIZER PHARMACEUTICALS LLC, PHARMACIA & UPJOHN COMPANY LLC, WYETH PHARMACEUTICALS INC. (Collins, Melissa) (Entered: 02/12/2020) |
| 02/24/2020 | | | MINUTE ORDER. In light of 125 Stipulation and Joint Motion Regarding Plaintiffs' Third Amended Complaint, as well as 128 , 130 Defendants' Motions to Dismiss the Third Amended Complaint, it is hereby ORDERED that 111 , 112 Defendants' Motions to Dismiss are DENIED as MOOT. SO ORDERED. Signed by Judge Richard J. Leon on 2/24/2020. (lcrjl1) (Entered: 02/24/2020) |
| 03/16/2020 | 135 | | SEALED DOCUMENT filed by ALL PLAINTIFFS(This document is SEALED and only available to authorized persons.)(Frederick, David) (Entered: 03/16/2020) |
| 04/20/2020 | 136 | | NOTICE of Change of Address by Robert Reeves Anderson (Anderson, Robert) (Entered: 04/20/2020) |
| 04/23/2020 | 137 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to CILAG GMBH INTERNATIONAL, ETHICON ENDO–SURGERY, LLC, ETHICON, INC., JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICA N.V., JOHNSON & JOHNSON, JOHNSON & JOHNSON (MIDDLE EAST) INC., ORTHO BIOLOGICS LLC. Attorney John F. Baughman terminated. (Johnson, Jeh) (Entered: 04/23/2020) |
| 07/17/2020 | 138 | | MEMORANDUM OPINION. Signed by Judge Richard J. Leon on 7/17/2020. (lcrjl1) (Entered: 07/17/2020) |
| 07/17/2020 | 139 | | ORDER. For the reasons set forth in the accompanying Memorandum Opinion, it is hereby ORDERED that 128 130 defendants' motions to dismiss are GRANTED. SO ORDERED. Signed by Judge Richard J. Leon on 7/17/2020. (lcrjl1) (Entered: 07/17/2020) |
| 08/14/2020 | 140 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 139 Order on Motion to Dismiss, 138 Memorandum & Opinion by ALL PLAINTIFFS. Filing fee $ 505, receipt number ADCDC–7465567. Fee Status: Fee Paid. Parties have been notified. (Frederick, David) (Entered: 08/14/2020) |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JOSHUA ATCHLEY, *et al.*,

Plaintiffs,

v.

ASTRAZENECA UK LIMITED, *et al.*,

Defendants.

Case No. 17-cv-02136-RJL

## PLAINTIFFS' NOTICE OF APPEAL

NOTICE is hereby given that all Plaintiffs in the above-captioned case – Joshua Atchley, *et al.* – hereby appeal to the United States Court of Appeals for the District of Columbia Circuit from the final, appealable Order entered in this case on July 17, 2020, *see* Order (July 17, 2020), ECF No. 139, and the accompanying Memorandum Opinion, *see* Mem. Op. (July 17, 2020), ECF No. 138, granting Defendants' motion to dismiss and foreign Defendants' motion to dismiss for lack of personal jurisdiction.

Dated:  August 14, 2020

Respectfully submitted,

 /s/ *David C. Frederick*

Ryan R. Sparacino (D.C. Bar No. 493700)
Sparacino PLLC
1920 L Street, N.W., Suite 535
Washington, D.C. 20036
Tel:  (202) 629-3530
ryan.sparacino@sparacinopllc.com

David C. Frederick (D.C. Bar No. 431864)
Joshua D. Branson (D.C. Bar No. 981623)
Andrew E. Goldsmith (D.C. Bar No. 1007074)
Thomas G. Schultz (D.C. Bar No. 1028017)
Matthew M. Duffy (D.C. Bar. No. 1031257)
Kellogg, Hansen, Todd,
 Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel:  (202) 326-7900
Fax:  (202) 326-7999
dfrederick@kellogghansen.com
jbranson@kellogghansen.com
agoldsmith@kellogghansen.com
tschultz@kellogghansen.com
mduffy@kellogghansen.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 14th day of August 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ *David C. Frederick*
David C. Frederick

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOSHUA ATCHLEY *et al.*,          )
                                  )
        **Plaintiffs,**          )
                                  )
    **v.**                        )          **Civil Case No. 17-2136 (RJL)**
                                  )
ASTRAZENECA UK                    )
LIMITED, *et al.*,                )
                                  )
        **Defendants.**         )

## <u>MEMORANDUM OPINION</u>

July *17*, 2020 [Dkt. ## 128, 130]

Plaintiffs in this suit are American service members, civilians, and their families who were murdered or wounded by terrorist attacks in Iraq between 2005 and 2011. They bring this suit against numerous pharmaceutical and medical equipment companies, some foreign and some domestic (collectively, "defendants"), alleging those companies knowingly financed the terrorist attacks that harmed them and are therefore liable under the Anti-Terrorism Act ("ATA") and various state laws. All defendants move to dismiss, arguing that plaintiffs' complaint fails to state a claim under the ATA.[1] *See* Defs.' Mot. to Dismiss ("Defs.' Mot.") [Dkt. # 128]. The foreign defendants move to dismiss for lack of

---

[1] Defendants are: AstraZeneca UK Limited, AstraZeneca Pharmaceuticals LP, GE Healthcare USA Holding LLC, GE Medical Systems Information Technologies, Inc., GE Medical Systems Information Technologies GmbH, Johnson & Johnson, Cilag GmbH International, Ethicon Endo-Surgery, LLC, Ethicon, Inc., Janssen Ortho LLC, Janssen Pharmaceutica N.V., Johnson & Johnson (Middle East) Inc., Ortho Biologics LLC, Pfizer Inc., Pfizer Enterprises SARL, Pfizer Pharmaceuticals LLC, Pharmacia & Upjohn Company LLC, Wyeth Pharmaceuticals Inc., F. Hoffman-La Roche Ltd., Genentech, Inc., and Hoffman-La Roche Inc.

personal jurisdiction.[2] *See* Foreign Defs.' Mot. to Dismiss for Lack of Personal Jurisdiction ("Defs.' Juris. Mot.") [Dkt. # 130].

While I deeply sympathize with plaintiffs for the losses they have endured, losses for which this country will be forever indebted, I cannot conclude that the law provides the relief plaintiffs seek in this case. Accordingly, and after due consideration of the briefing, oral argument, the relevant law, the entire record, and for the reasons stated below, foreign defendants' Motion to Dismiss for lack of personal jurisdiction and defendants' Motion to Dismiss for lack of subject-matter jurisdiction are **GRANTED**.

## BACKGROUND

In March 2003, the United States and Coalition armed forces invaded Iraq and removed Saddam Hussein from power. *See* Third Am. Compl. ("TAC") ¶ 54 [Dkt. # 124]. Following his removal, U.S., Coalition, and Iraqi military forces worked to rebuild Iraq while also engaged in years of armed conflict against various armed insurgent forces, including a group named Jaysh al-Mahdi ("JAM"). *See id.* ¶¶ 54, 55, 59-61, 333; Defs.' Mot. at 4. JAM functioned as the terrorist arm of the Iraqi Sadrists, a political group that was hostile to the United States. *Id.* ¶¶ 56, 58-59. JAM was also supported by the terrorist group Hezbollah, which sought to undermine the United States' efforts in Iraq and provided JAM with training, supplies, and recruits. *Id.* ¶¶ 56, 62, 357.

---

[2] Foreign defendants are: AstraZeneca UK Limited, GE Medical Systems Information Technologies GmbH, Cilag GmbH International, Janssen Phamaceutica NV, Pfizer Enterprises SARL, and F. Hoffman-La Roche Ltd (collectively, "foreign defendants"). All defendants join the foreign defendants' motion to dismiss for lack of jurisdiction as to plaintiffs' state law claims.

2

Throughout Saddam's regime and after, Iraq maintained a government-run healthcare system operated by the Iraqi Ministry of Health ("the Ministry" or "MOH") and the Ministry's state-owned import subsidiary, Kimadia. *Id.* ¶¶ 2, 72. The Ministry was a "sprawling bureaucracy" that employed "every public-sector doctor, pharmacist, nurse, and medical technician in Iraq." *Id.* ¶ 72. Kimadia was responsible for "importing and distributing" medical goods and had a monopoly over all medical imports in Iraq. *Id.* ¶¶ 72, 119.

Both the Ministry and Kimadia were openly plagued by corruption and profiteering. *Id.* ¶¶ 48, 129-30, 173. By late 2004, the Sadrists controlled the Ministry and Kimadia. *Id.* ¶¶ 10, 63, 66, 68, 69, 70, 71, 73, 104. The Sadrists were linked to JAM, and some Ministry officials and employees were members of JAM. *Id.* ¶¶ 67, 69, 102, 165. According to plaintiffs, JAM used the Ministry to finance its terrorist activities and had "de facto control over the [Ministry's] contracting process." *Id.* ¶¶ 104-05. JAM capitalized on the Ministry's "lack of any modern logistics system" and inability to "track[] the movement of goods and devices," *id.* ¶ 107, by "commandeering MOH facilities" and "looting MOH's inventory for profits." *Id.* ¶ 3.

Beginning in 2004, defendants entered into supply agreements with the Ministry for the shipment of medical goods and equipment into Iraq. *Id.* ¶¶ 4–6, 128. Those contracts went through the Ministry's procurement process, and they were negotiated and executed at "in-person meetings inside the Ministry's headquarters building in Baghdad." *Id.* ¶¶ 10, 119, 121. Among other things, the contracts' terms generally reflected the country of origin of the goods being sold. *Id.* ¶ 122. According to plaintiffs, suppliers would also

3

"typically . . . make the sale pursuant to an irrevocable letter of credit" in order to guarantee suppliers were paid for the goods. *Id.* ¶¶ 124, 127.

In addition to the medical goods contemplated by the contracts, defendants provided Ministry officials with in-kind drugs and equipment free of charge. *Id.* ¶¶ 5, 116, 117. In fact, Kimadia's standard bid instructions directed companies to provide extra goods for free as part of their agreements. *Id.* ¶ 120. Those goods "functioned as cash equivalents in Iraq" because they "possessed high street value" and "could be effectively monetized on regional black markets." *Id.* ¶ 117. After the contracts were executed, defendants would ship both the contract goods and the free goods to a Kimadia warehouse in Iraq. *Id.* ¶ 128. After Kimadia transferred the inventory to Ministry warehouses, the goods were "often diverted" by Ministry employees to the black market. *Id.* On top of the free goods, defendants also made cash payments to Ministry officials through "corrupt local agents." *Id.* ¶¶ 6, 142, 145.

According to plaintiffs, defendants' provision of free goods and cash payments to the Ministry financed JAM throughout the period between 2004 and 2013. *See id.* ¶¶ 7, 13, 167. The Sadrists controlled both the Ministry and Kimadia, which they used to supply JAM with "resources critical to its terrorist operations." *Id.* ¶ 167. During that time, JAM carried out numerous terrorist attacks, capturing, torturing, and murdering Americans. *See, e.g., id.* ¶¶ 14, 333-46, 463, 787, 808. Some of those attacks killed or injured plaintiffs or their relatives. *Id.* ¶¶ 16, 62, 408-3180.

4

## LEGAL STANDARD

To survive a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), plaintiffs must "establish[] a factual basis for the exercise of personal jurisdiction over the defendant[s]." *Crane v. New York Zoological Soc.*, 894 F.2d 454, 456 (D.C. Cir. 1990). Although "factual discrepancies appearing in the record must be resolved in favor of the plaintiff," *id.*, the Court "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts," *Livnat v. Palestinian Auth.*, 851 F.3d 45, 57 (D.C. Cir. 2017) (internal quotation marks omitted). "Mere conclusions or 'bare allegation[s]' do not constitute the *prima facie* case for jurisdiction that this standard requires." *Fawzi v. Al Jazeera Media Network*, 273 F. Supp. 3d 182, 186 (D.D.C. 2017) (quoting *Livnat*, 851 F.3d at 57).

On a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), plaintiffs again bear the burden of establishing jurisdiction. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). If a plaintiff's claims present nonjusticiable political questions, the case must be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1). *See Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 215 (1974); *Al-Tamimi v. Adelson*, 916 F.3d 1, 7-8 (D.C. Cir. 2019). In making that assessment, a court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotation marks omitted).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Again, I must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiffs, but I need not "accept inferences unsupported by facts or legal conclusions cast in the form of factual allegations." *See City of Harper Woods Emps.' Ret. Sys. v. Olver*, 589 F.3d 1292, 1298 (D.C. Cir. 2009).

## ANALYSIS

### I. Personal Jurisdiction Over the Foreign Defendants and State Law Claims

#### A. *The Foreign Defendants*

The foreign defendants move to dismiss all of plaintiffs' claims for lack of specific personal jurisdiction under the Due Process Clause of the Fifth Amendment.[3] Defs.' Juris. Mot. at 1. A foreign defendant is subject to specific personal jurisdiction when it has certain "minimum contacts" with the forum such that it "should reasonably anticipate being haled into court there." *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)); *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (requiring

---

[3] Plaintiffs do not argue that this Court has *general* personal jurisdiction over any of the foreign defendants. Nor could they. Their allegations do not suggest, let alone establish, that the foreign defendants—all of which are incorporated abroad—are "essentially at home in the forum." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014); *see* TAC ¶¶ 17, 21, 23, 27, 31, 35.

"certain minimum contacts"). That "'fair warning' requirement is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985) (citations omitted). A defendant may also create the requisite minimum contacts by "purposefully avail[ing] himself of the benefits and protections of [the forum's] laws." *Id.* at 482.

The "minimum contacts" inquiry "focuses 'on the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). For specific jurisdiction to exist, "the defendant's suit-related conduct must create a substantial connection with the forum." *Id.* That "necessary relationship" must "arise out of contacts that the 'defendant himself' creates with the forum," and the defendant's contacts must be with the forum itself, not persons who reside there. *Id.* at 284-85. When personal jurisdiction is challenged under the Due Process Clause of the Fifth Amendment, the relevant forum is the "United States as a whole." *Livnat*, 851 F.3d at 55.

Plaintiffs advance two theories as to why this Court has specific personal jurisdiction over the foreign defendants. First, plaintiffs contend that the foreign defendants' conduct was "aimed at or has an effect in the forum" such that specific jurisdiction exists. Pls.' Opp. to Defs.' Juris. Mot. ("Pls.' Juris. Opp'n") at 9 [Dkt. # 133]. In plaintiffs' view, the foreign defendants "knowingly financed terrorist attacks that targeted" Americans and thereby "aligned themselves" with conduct that was "purposefully directed at the United States." *Id.* (internal quotation marks omitted).

7

Second, plaintiffs assert that the foreign defendants "purposefully availed themselves" of the United States' "benefits and protections." *Id.* at 12. Neither theory has merit.

With respect to the first theory, plaintiffs have not established that the foreign defendants' suit-related conduct—namely, transactions for medical goods with the Ministry—was "substantially connected" to, or "purposefully directed" at, the United States. To the contrary, all the relevant conduct that plaintiffs contend gives rise to liability under the ATA occurred *in Iraq*, not the United States. Perhaps most importantly, the alleged terrorist funding occurred in Iraq. *See, e.g.*, TAC ¶¶ 165, 168-69, 173, 179. As did the terrorist attacks that killed or wounded plaintiffs. *Id.* ¶¶ 333-46, 408-3180. So too foreign defendants' allegedly corrupt payments and in-kind donations to Iraqi officials. *Id.* ¶¶ 128, 133-37, 142. And with respect to the allegedly corrupt contracts, the terms were set in Iraq, the bids were submitted in Iraq, and the contracts were hand delivered in Iraq. *Id.* ¶¶ 120, 121. None of that conduct has any substantial connection to the United States.

Plaintiffs nonetheless insist that jurisdiction exists because the medical goods provided to the Ministry were used by JAM to perpetrate terrorist attacks against U.S. citizens. But defendants were not "primary participants" in the attacks, and indirect funding to a terrorist organization does not *itself* confer jurisdiction because that conduct is not "expressly aimed" at the United States. *See In re Terrorist Attacks on Sept. 11, 2001*, 538 F.3d 71, 94, 95 (2d Cir. 2008), *abrogated on other grounds*, (holding that plaintiffs' allegations that defendants "intended to fund al Qaeda through their donations to Muslim charities" was insufficient); *cf. Calder v. Jones*, 465 U.S. 783, 790 (1984) (concluding that court had personal jurisdiction over "primary participants in an alleged wrongdoing

intentionally directed at a California resident"); *Mwani v. bin Laden*, 417 F.3d 1, 13 (D.C. Cir. 2005) (holding exercise of personal jurisdiction over bin Laden and al Qaeda—the primary participants—was proper).

On this point, the Second Circuit's decision in *In re Terrorist Attacks* is instructive. There, the court concluded jurisdiction was lacking, despite plaintiffs' allegations that defendants "intended to fund al Qaeda through their donations to Muslim charities." *In re Terrorist Attacks*, 538 F.3d at 95. Plaintiffs did *not* allege, however, that defendants "directed" the attacks or "commanded" or "authorized" al Qaeda to commit them. *Id.* at 94. Thus, "[e]ven if the [defendants] were reckless in monitoring how their donations were spent, or could and did foresee that recipients of their donations would attack targets in the United States, that would be insufficient to ground the exercise of personal jurisdiction." *Id.* at 94-95.

This same principle applies with full force here. Plaintiffs do not allege that the foreign defendants were primary participants in JAM's attacks on U.S. citizens. Thus, even if they were somehow aware of JAM's upcoming attacks or planned attacks on U.S. citizens in Iraq, "their contacts with the United States would remain far too attenuated to establish personal jurisdiction in American courts." *Id.* at 95. Indeed, even assuming "that acts of violence committed against residents of the United States were a foreseeable consequence of the [foreign defendants'] alleged indirect funding of [JAM], . . . foreseeability is not the standard for recognizing personal jurisdiction." *Id.* Plaintiffs must instead show the foreign defendants "expressly aimed" intentional tortious

9

acts at U.S. citizens. *Calder*, 465 U.S. at 789. Like the plaintiffs in *In re Terrorist Attacks*, they have not done so here.

Plaintiffs counter that the foreign defendants provided financial "support *directly* to a [terrorist group] when [the group] allegedly was known to be targeting the United States." Pls.' Juris. Opp'n at 10 (quoting *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 678 (2d Cir. 2013)). Thus, in plaintiffs' view, the "effects" of the foreign defendants' conduct are sufficiently connected to the United States to confer specific jurisdiction. *Id.* at 10-11. That theory, however, is belied by plaintiffs' own allegations. In their complaint, plaintiffs allege that "[d]efendants knew or recklessly disregarded that their corrupt transactions with *MOH* financed Jaysh al-Mahdi terrorist attacks." TAC ¶ 180 (emphasis added). By those terms, defendants' transactions with the Ministry were—at best— *indirectly* connected to JAM's terrorist attacks, and they were therefore not "expressly aimed" at the United States such that specific jurisdiction is proper. *See In re Terrorist Attacks*, 538 F.3d at 95; *Burnett v. Al Baraka Inv. & Dev. Corp.*, 292 F. Supp. 2d 9, 21-23 (D.D.C. 2003) (concluding the court lacked personal jurisdiction over Saudi prince that donated to Islamic charities "knowing that those foundations funded terrorist organizations including Al Qaeda").[4]

---

[4] Plaintiffs' briefing only confirms that this theory of specific jurisdiction is meritless. According to plaintiffs, the foreign defendants "structured their transactions *with the Ministry* to send resources *directly* to Jaysh al-Mahdi, and they did so while knowing that Jaysh al-Mahdi was targeting Americans in particular." Pls.' Juris. Opp'n at 11 (first emphasis added) (citations omitted). Although plaintiffs insist that the foreign defendants sent resources "directly" to JAM, the reality is that any resources went through the Ministry.

Plaintiffs' second theory of personal jurisdiction is similarly unpersuasive. Plaintiffs contend that the foreign defendants "purposefully availed themselves" of the United States' "benefits and protections" by (1) "sourcing and distributing medical goods from their U.S. affiliates" and (2) by paying certain banking fees through the New York banking system. Pls.' Juris. Opp'n at 12-13, 17-18. With respect to the sourcing of medical goods, plaintiffs argue that the foreign defendants created the requisite "minimum contacts" because they "enter[ed] into . . . contract[s] that ha[d] a 'substantial connection with" the United States. *Id.* at 13 (quoting *Helmer v. Doletskaya*, 393 F.3d 201, 205 (D.C. Cir. 2004)). Specifically, they argue that the foreign defendants' "corrupt contracts" with Kimadia involved (1) "affiliat[ing] with at least one U.S. manufacturer so it could sell U.S.-made drugs or devices to Kimadia;" (2) "work[ing] closely with U.S.-based personnel to fulfill Kimadia's orders;" (3) "procur[ing] critical paperwork from the United States, including export certificates and FDA approvals;" and (4) "expressly certif[ying] on at least one occasion that it was sourcing its goods from the United States." *Id.*

None of those alleged contacts, however, amounts to relevant suit-related conduct sufficient to confer specific jurisdiction. Plaintiffs do *not* allege that the foreign defendants' manufacturing or sourcing practices were themselves unlawful or could otherwise subject the foreign defendants to liability under the ATA. Pls.' Juris. Opp'n at 21. Nor do those practices constitute the suit-related conduct underlying plaintiffs' ATA claims. Rather, those practices are at best tangential to plaintiffs' claims that the foreign defendants entered into corrupt contracts in Iraq with the Iraqi Ministry. Accordingly, they cannot form the basis for specific jurisdiction. *Walden*, 571 U.S. at 284 (noting that

defendant's "*suit-related conduct* must create a substantial connection with the forum" (emphasis added)); *see also Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 335 (2d Cir. 2016) (noting suit-related conduct is that which "could have subjected [defendants] to liability under the ATA"); *Sharp Corp. v. Hisense USA Corp.*, 292 F. Supp. 3d 157, 171 (D.D.C. 2017) (evaluating what plaintiffs' claims are "really about").

Plaintiffs' arguments to the contrary are not compelling. Plaintiffs contend that the foreign defendants' "most expensive and valuable products *had* to be made in the United States due to the unique advantages offered by U.S. manufacturing facilities" and that their sales to the Ministry "depended on" drugs and devices "that could *only* be made in America." Pls.' Juris. Opp'n at 13-14, 16 (first emphasis added). In plaintiffs' view, that "reliance on the United States" was "a material part of the [f]oreign [d]efendants' corrupt conduct" because it allowed them to "increase[] the black-market value of their corrupt 'free goods' payments." *Id.* at 13, 14. I disagree. For one thing, many of the goods sold by the foreign defendants were sourced from countries *other* than the United States. Defs.' Juris. Mot. at 5-6. And, to the extent the Ministry insisted that the foreign defendants identify country of origin, that requirement appears to have been because the Ministry was "suspicious of counterfeit drugs," not because U.S.-sourcing increased the value of the goods. TAC ¶ 122. Indeed, plaintiffs offer no non-conclusory allegations that plausibly suggest that sourcing from the United States *specifically* was material to the Ministry contracts. Their allegations certainly do not establish that these purported U.S. contacts were substantial to their claims such that the exercise of specific jurisdiction would be appropriate. As the foreign defendants point out, were the Court to adopt plaintiffs' theory

12

90

that personal jurisdiction "rest[s] on the mere fact that the 'value' of a foreign transaction is 'magnif[ied]' because the goods sold were originally manufactured in the United States[,] . . . personal jurisdiction would extend to countless transactions between foreign entities that involve a U.S.-made product." Defs.' Reply in Support of Juris. Mot. ("Defs.' Juris. Reply") at 6 [Dkt. # 131].[5]

The foreign defendants purported contacts with the New York banking system are likewise peripheral to this suit. Plaintiffs contend that the foreign defendants "secured" their "corrupt transactions with Kimadia" by "paying Kimadia for letters of credit," which guaranteed that Kimadia paid the foreign defendants under the parties' contracts and therefore "played a vital role in facilitating their sales by alleviating [the] risk of non-payment." Pls.' Juris. Opp'n at 18. Those letters of credit instructed defendants' banks to reimburse Kimadia's bank, the Trade Bank of Iraq, for the banking fees associated with the letters of credit. TAC ¶¶ 124-25; *see* Pls.' Juris. Opp'n at 18. Plaintiffs argue that those fees were "instrumental to facilitating the corrupt payments" to the Ministry that ultimately assisted JAM in its terrorist attacks and, because foreign defendants paid those fees into the Trade Bank of Iraq's correspondent New York bank account, they provide the requisite jurisdictional hook. Pls.' Juris. Opp'n at 18-19. Please! None of the payments for letters

---

[5] Plaintiffs also make the related argument that personal jurisdiction is proper because the foreign defendants "work[ed] with U.S. sales and manufacturing personnel to prepare bids to submit to" the Ministry. Pls.' Juris. Opp'n at 14-15 (internal quotation marks omitted). In plaintiffs' view, the foreign defendants' "use[ of] globally integrated supply chains that relied on their own affiliates' U.S. facilities" establishes jurisdiction. *Id.* at 15. Again, I see no substantial connection between those purported contacts—which at best reflect a "typical manufacturer-distributor relationship among corporate affiliates"—and the conduct giving rise to plaintiffs' claims. Defs.' Juris. Reply at 8.

13

of credit are connected to any allegedly unlawful payments. Nor were they connected to the allegedly corrupt contracts with the Ministry. Indeed, plaintiffs make *no* allegations that those payments were redirected to JAM or used to fund any terrorist attacks. They are utterly divorced from the suit-related conduct underlying plaintiffs' claims.

Plaintiffs primarily rely on *Licci ex rel. Licci v. Lebanese Canadian Bank*, but that case is readily distinguishable. 732 F.3d 161 (2d Cir. 2013). In *Licci*, the Second Circuit concluded there was personal jurisdiction because the defendant "repeated[ly] use[d] . . . New York's banking system" as "an instrument to achieve the very wrong alleged"—the transfer of funds to Hezbollah knowing those funds would assist terrorist attacks. *Id.* at 171-72. Plaintiffs' claims here involve the provision of medicines and medical equipment, not banking services, and the close connection between the U.S. banking system and the "wrong alleged"—necessary to a finding or jurisdiction in *Licci*—is wholly lacking here.

### B. *State Law Claims*

All defendants move to dismiss plaintiffs' state-law claims for lack of personal jurisdiction under the Due Process Clause of the Fourteenth Amendment. *See* Defs.' Juris. Mot. at 25. Plaintiffs, in turn, appear to concede that I lack independent jurisdiction over their state law claims, instead arguing that I should nevertheless exercise pendent jurisdiction over them because I possess personal jurisdiction over their ATA claims. Pls.' Juris. Opp'n at 23. Because I lack jurisdiction over plaintiffs' ATA claims, however, I decline to adopt pendent jurisdiction over plaintiffs' state law claims.

## II. Political Question

Defendants next argue that plaintiffs' complaint should be dismissed in its entirety because their claims present non-justiciable political questions. Defs.' Mot. at 22. The political question doctrine "excludes from judicial review those controversies which revolve around policy choices and value determinations constitutionally committed for resolution to the halls of Congress or the confines of the Executive Branch." *Japan Whaling Ass'n v. Am. Cetacean Soc.*, 478 U.S. 221, 230 (1986). Courts evaluate six factors in deciding whether a lawsuit presents a "political question":

> [1] [A] textually demonstrable constitutional commitment of the issue to a coordinate political department; or [2] a lack of judicially discoverable and manageable standards for resolving it; or [3] the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or [4] the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; or [5] an unusual need for unquestioning adherence to a political decision already made; or [6] the potentiality of embarrassment from multifarious pronouncements by various departments on one question.

*Baker v. Carr*, 369 U.S. 186, 217 (1962). The doctrine remains, however, a "narrow exception" to the Judiciary's general "responsibility to decide cases properly before it." *Zivotofsky ex rel. Zivotofsky v. Clinton*, 566 U.S. 189, 194-95 (2012). "Indeed, the political question doctrine mandates dismissal *only if* a political question is 'inextricable from the case.'" *Al-Tamimi*, 916 F.3d at 8 (emphasis added) (quoting *Baker*, 369 U.S. at 217).

Defendants argue that during the relevant time, "[i]t was U.S. policy to fund, support, and rebuild the Ministry and Kimadia through . . . direct aid and support . . . and [by] promoting private sector business with those agencies." Defs.' Mot. at 23. Thus, in their view, plaintiffs seek to hold defendants liable "for conduct that

15

mirrored and effectuated U.S. foreign policy during the Iraq War" such that this Court "cannot accept [p]laintiffs' theories of liability without condemning the U.S. Government's policy of rebuilding, funding, and encouraging private sector business with the Ministry." *Id.* at 22. Put differently, "[a]djudicat[ing] [p]laintiffs' claims would require the Court to question the wisdom of discretionary decisions made by the political branches in the realm of foreign policy," "risk condemning those sensitive U.S. foreign policy and national security decisions made during the Iraq War[,] and invit[e] the 'embarrassment' of 'multifarious pronouncements' by the different branches with respect to those decisions." *Id.* at 22-23 (internal quotation marks and citations omitted).

Not so fast! As an initial matter, as far as I am aware, no other court has dismissed ATA claims under the political question doctrine. *See* Pls.' Opp. to Defs.' Mot. ("Pls.' Opp'n") at 18 [Dkt. # 132]. And with good reason: ATA claims generally—and plaintiffs' claims in this suit—ask a court to interpret and apply a federal statute to a defendant's private conduct. *Id.* Such statutory interpretation is a "familiar judicial exercise" decidedly in this Court's wheelhouse. *Zivotofsky*, 566 U.S. at 196. And, to the extent this case touches on political questions, those issues are peripheral to, not "inextricable from[,] the case." *Al-Tamimi v. Adelson*, 916 F.3d at 8.

Nor do plaintiffs' claims require this Court to opine on U.S. foreign policy. Although it may be true, as defendants emphasize, that the United States provided support to the Ministry and encouraged defendants to transact with the Ministry, that alone does not transform plaintiffs' claims into political questions. Plaintiffs do not allege that defendants violated the ATA simply by providing support to the Ministry. Rather, they

16

contend that JAM "captured" the Ministry at some time after the invasion, and defendants subsequently engaged in corrupt transactions with that compromised entity. TAC ¶ 166. According to plaintiffs, those corrupt transactions "impaired U.S. efforts to improve the Iraqi health system." Pls.' Opp'n at 23 (citing TAC ¶¶ 112-20, 129-39, 142-45). Accepting plaintiffs' theory condemns defendants' conduct, not the United States Government's general policy supporting the Iraqi healthcare system. It thus does not present a political question "inextricable from the case." *Tamimi*, 916 F.3d at 8.

### III.  ATA Act-of-War Defense

Defendants next contend that this Court should dismiss all of plaintiffs' ATA claims under the statute's act-of-war defense, which provides that "[n]o action shall be maintained" for injuries arising from "any act occurring in the course of . . . armed conflict between military forces of any origin." 18 U.S.C. §§ 2331(4)(C), 2336(a); *see* Defs.' Mot. at 28. As at least one court has recognized, that affirmative defense raises legal and factual issues regarding what constitutes a "military force" or "armed conflict" that are "best addressed on a motion for summary judgment or at trial." *Gill v. Arab Bank PLC*, 893 F. Supp. 2d 474, 510 (E.D.N.Y. 2012). Those considerations warrant restraint here. Indeed, plaintiffs' complaint is replete with allegations that JAM was not a military force, was not engaged in an "armed conflict," and did not injure plaintiffs "in the course of" that conflict. Pls.' Opp'n at 29 (citing TAC ¶¶ 55, 347-56, 409-10); *see id.* at 37-38 (describing injuries to civilian-plaintiffs). Defendants, unsurprisingly, disagree. *See* Defs.' Mot. at 29-38. In

light of those disputes, I decline to wade into that particular factual thicket at the motion-to-dismiss stage.

## IV.   Plaintiffs' ATA Claims

Plaintiffs contend that defendants are both directly and secondarily liable under the ATA.   The ATA creates a private cause of action for those harmed by international terrorism, providing that "[a]ny national of the United States injured in his or her person . . . by reason of an act of international terrorism . . . may sue therefor . . . and shall recover threefold . . . damages." 18 U.S.C. § 2333(a). Thus, to prevail on an ATA claim, a plaintiff must show that (1) a U.S. national suffered an injury; (2) an act of international terrorism occurred; and (3) the U.S. national's injury occurred "by reason of" the act of international terrorism.

In 2016, Congress amended the ATA to permit aiding-and-abetting liability claims. *See* 18 U.S.C. § 2333(d).  Aiding-and-abetting liability requires that "an act of international terrorism" was "committed, planned, or authorized by an organization that had been designated as a foreign terrorist organization under section 219 of the Immigration and Nationality Act (8 U.S.C. 1189), as of the date on which such act of international terrorism was committed, planned, or authorized." *Id.*   Such secondary liability extends to "any person who aids and abets, by knowingly providing substantial assistance, or who conspires with the person who committed such an act of international terrorism." *Id.*

### A.   *Direct Liability*

Plaintiffs allege that defendants are directly liable under the ATA for supplying medicine and medical equipment to the Ministry, after which JAM agents misappropriated

those goods, sold them on the black market, and used the proceeds to fund the attacks that injured plaintiffs. TAC ¶¶ 3208-21; *see* 18 U.S.C. 2333(a). Those claims fail, however, because plaintiffs do not plausibly allege that defendants caused their injuries.

"[T]he ATA's 'by reason of' language demands a showing of proximate causation." *Owens v. BNP Paribas, S.A.*, 897 F.3d 266, 273 (D.C. Cir. 2018); *see also* 18 U.S.C. § 2333(a). "[P]roximate cause prevents liability where there is not a sufficient link between the defendant's conduct and the plaintiff's injuries." *Crosby v. Twitter, Inc.*, 921 F.3d 617, 623 (6th Cir. 2019) ("[A] butterfly in China is not the proximate cause of New York storms."). "To survive a motion to dismiss for failure to state a claim, [p]laintiffs must therefore plausibly allege (1) that [defendants'] acts were 'a "substantial factor" in the sequence of events' that led to their injuries and (2) that those injuries 'must have been "reasonably foreseeable or anticipated as a natural consequence" of' [defendants'] conduct." *Owens*, 897 F.3d at 273 (quoting *Owens v. Republic of Sudan*, 864 F.3d 751, 794 (D.C. Cir. 2017)).

Plaintiffs cannot satisfy this first requirement. To establish that defendants' conduct was a "substantial factor," plaintiffs must show "some direct relation between the injury asserted and the injurious conduct alleged." *Id.* at 273 n.8. In other words, defendants' alleged wrongful conduct must have "led directly" to the plaintiffs' injuries. *Id.* And, as our Circuit Court and others have recognized, because "the presence of an independent intermediary" makes a defendant "more than one step removed from a terrorist act or organization," it "create[s] a more attenuated chain of causation . . . than one in which a supporter of terrorism provides funds directly to a terrorist organization." *Id.* at 275; *see*

19

*Rothstein v. UBS AG*, 708 F.3d 82, 97 (2d Cir. 2013). That is especially so when the intermediary is a sovereign entity with "many legitimate agencies, operations, and programs to fund." *Rothstein*, 708 F.3d at 97; *see also Kemper v. Deutsche Bank AG*, 911 F.3d 383, 393 (7th Cir. 2018) ("[A] sovereign's affirmative choice to engage in a wrongful act will usually supersede a third party's choice to do business with that sovereign."). In those circumstances, plaintiffs must provide "additional allegations supporting substantiality." *Owens*, 897 F.3d at 276. They must "adequately plead facts" that defendants' conduct "actually . . . aided in" the act of terrorism. *Id.*

The Ministry's involvement here defeats plaintiffs' causation theory. Plaintiffs allege defendants contracted with the Ministry and Kimadia. TAC ¶¶ 121, 189, 213, 246, 283, 311. And, although plaintiffs allege the Ministry was "effectively captured" by JAM, *id.* ¶ 166, the Ministry remained a government agency responsible for Iraq's healthcare system, *id.* ¶¶ 2, 72. Indeed, according to plaintiffs' allegations, *after* defendants shipped their goods and equipment to Kimadia warehouses, Ministry officials diverted the material to JAM or JAM looted the inventory. *Id.* ¶¶ 3, 128. Those allegations, however, do not establish the substantial connection between defendants and JAM necessary for proximate causation. *Owens*, 897 F.3d at 276.

Plaintiffs' arguments to the contrary are, to say the least, not persuasive. They first contend that to break the causal chain, the sovereign must "remain[] separate from the terrorist group." Pls.' Opp'n at 69. In their view, the Ministry was "run by" JAM and was therefore not an "autonomous sovereign" intermediary. *Id.* Even accepting plaintiffs' allegations that JAM co-opted the Ministry, the law does *not* require independence from

20

terrorist groups. In *Owens* and *Rothstein*, the sovereigns at issue—Sudan and Iran, respectively—were *designated state sponsors of terrorism*. *See Owens*, 897 F.3d at 269 (acknowledging Sudan provided al Qaeda with "critical financial, military, and intelligence services."); *Rothstein*, 708 F.3d at 85, 97 (rejecting plaintiffs' causation theory despite their allegations that Iran "controlled, funded, and operated" Hezbollah). And yet, those sovereigns' intervening role defeated causation. So too here.

Plaintiffs' contention that the Ministry was merely a terrorist "front" without "legitimate agencies, operations, and programs to fund" fails on plaintiffs' own terms. *See* Pls.' Opp'n at 70. In their complaint, plaintiffs alleged that the Ministry administered Iraq's "government-run healthcare system," provided "free medical care to all Iraqis," and employed "every public-sector doctor, pharmacist, nurse, and medical technician in Iraq." TAC ¶¶ 2, 72. Even now, plaintiffs do not seriously contest, nor could they, that the Ministry ran legitimate programs. Instead, they argue that those programs—"like running clinics and employing doctors"—functioned to perpetuate [JAM's] social standing" in Iraq. Pls.' Opp'n at 70. While that may be so, plaintiffs cannot escape the reality that the Ministry did not "exist solely to perform terrorist acts." *Kemper*, 911 F.3d at 392.

Plaintiffs counter that defendants "bypass[ed] the Ministry" when they provided free goods and "pa[id] direct cash bribes to terrorists." Pls.' Opp'n at 71, 72. Again, that argument is belied by plaintiffs' own allegations. Plaintiffs alleged the "free goods" were expressly contemplated by defendants' contracts with the Ministry, were provided to Ministry officials, and were delivered directly to Kimadia warehouses, *after* which they were stolen. *See* TAC ¶ 107 (explaining that medicine was stolen from warehouses), ¶ 120

21

("Kimadia's standard bid instructions regularly instructed companies to specify the quantity of extra goods that they would provide for free"; "This demand for 'free goods' still appears *on the face* of Kimadia's standard instructions"), ¶ 123 ("[T]he standard sales contract typically contained . . . the obligation to provide 'free goods'"), ¶128 (free goods "arrived at a Kimadia warehouse" and "had to be signed for by a Kimadia warehouse manager"); *see also id.* ¶ 136 ("Defendants used medical goods as cash equivalents to *buy off MOH officials*"), ¶ 137 ("Defendants did not intend for the 'free goods' *provided to Kimadia* to serve any legitimate charitable or medicinal purpose"), ¶ 139 ("*Kimadia* had an obvious reason for demanding 'free goods'") (emphases added). Nothing in plaintiffs' allegations suggests defendants engaged directly with JAM to "bypass" the Ministry. Indeed, no alchemist could transmute those allegations now to survive dismissal.

With respect to cash bribes, plaintiffs alleged that defendants "made other corrupt payments to *MOH officials*." *Id.* ¶ 142 (emphasis added); *see also id.* ("From 2004-2013, it was standard practice for companies *dealing with MOH* to pay 'commissions.'") (emphasis added). Again, plaintiffs do not allege those direct payments were made to JAM. At most, plaintiffs allege that "[o]n information and belief, each [d]efendant paid significant 'commissions' to MOH officials who were members of [JAM]." *Id.* ¶ 145; *see also id.* ¶ 8 ("Cash bribes provided to [JAM] agents within MOH flowed directly into [JAM's] coffers."). Those conclusory assertions lacking in any specific factual basis, however, cannot save plaintiffs' direct-liability claims. *See Owens*, 897 F.3d at 276 ("[T]hese are conclusory allegations that do not meet *Twombly*'s plausibility standard with

22

respect to the need for a proximate causal relationship . . . ." (quoting *Rothstein*, 708 F.3d at 97)).

### B. *Aiding-and-Abetting Liability*

Plaintiffs also claim that defendants aided and abetted JAM's acts of terrorism. TAC ¶¶ 3181-207; *see* 18 U.S.C. § 2333(d)(2). Under the 2016 amendments to the ATA, a defendant is indirectly liable for "an injury arising from an act of international terrorism committed, planned, or authorized by an organization that had been designated as a foreign terrorist organization" if the defendant "knowingly provid[ed] substantial assistance, or . . . conspire[d] with the person who committed such an act of international terrorism." § 2333(d)(2).

Plaintiffs fail to satisfy the statutory requirements for aiding-and-abetting liability. Most obviously, plaintiffs do not allege that an FTO "committed, planned, or authorized" the attacks at issue. *Id.* Rather, plaintiffs contend they were injured by attacks carried out by JAM, which the Secretary of State has *never* designated as an FTO. TAC ¶ 355. That fact is fatal to plaintiffs' aiding-and-abetting claims. Undaunted, plaintiffs seek to remedy this defect by contending JAM's attacks were "planned" or "authorized" by Hezbollah, a designated FTO, but that effort falls short in three ways. *See* Pls.' Opp'n at 53-61.

First, plaintiffs' complaint does not allege that Hezbollah planned or authorized all of the attacks at issue. The best plaintiffs can muster is that Hezbollah-affiliated individuals were involved in 22 out of the 300-plus attacks at issue, injuring 35 of 395 individuals. *See* Defs.' Mot. at 61 & n.77. For the remaining attacks—which constitute the vast majority— plaintiffs offer no concrete factual allegations that Hezbollah "planned" or "authorized"

23

them. *See* TAC ¶ 408 (alleging that each of the hundreds of attacks "committed or proximately caused by [JAM] . . . was planned, authorized, and/or carried out . . . by Hezbollah"). That "[t]hreadbare recital[]" is not enough. *Iqbal*, 556 U.S. at 678.[6]

Second, to the extent plaintiffs allege that Hezbollah provided general support to JAM by recruiting and training its members, Pls.' Opp'n at 53-54, those allegations do not establish that Hezbollah "planned" or "authorized" the attacks at issue, 18 U.S.C. § 2333(d)(2). To "plan" means to "decide on and arrange [it] in advance;" to "authorize" is to "give official permission" or "approval." Defs.' Mot. at 61-62 (quoting *New Oxford American Dictionary* (3d ed. 2010)); *see also* Pls.' Opp'n at 53, 57 (conceding to "plan" is to "design," and to "authorize" is to "endorse" through some "proper authority"). General support or encouragement is not enough. *See Crosby*, 921 F.3d at 626 (concluding plaintiffs' allegations that ISIS "virtually recruited" the perpetrator were insufficient to establish that it "authorized" the attack at issue).

Stymied by the plain text, plaintiffs resort to rewriting the statute. In their view, Hezbollah "planned" JAM's attacks by "co-founding" JAM "as its terrorist proxy," recruiting JAM fighters, and "instructing those fighters how to execute attacks." Pls.' Opp'n at 53. And Hezbollah "authorized" the attacks by exerting "religious authority" over JAM "by virtue of its exalted status among Iraqi Shi'a" and "operational authority through its role in recruiting, training, and indoctrinating" JAM fighters. Pls.' Opp'n at 57.

---

[6] Defendants "do not dispute the adequacy of [p]laintiffs' allegations that a designated FTO committed, planned, or authorized" those 22 attacks. Defs.' Mot. at 61 n.77. As explained *infra*, even if plaintiffs satisfied this particular statutory requirement as to those 22 attacks, they fail to establish other statutory elements.

That dog won't hunt! Under plaintiffs' logic, "a plaintiff could bring an ATA aiding-and-abetting claim for any attack committed by a non-FTO merely because it had in the past received 'material support and resources' from a designated FTO." Defs.' Reply in Supp. Mot. ("Defs.' Reply") at 35 [Dkt. # 129]. Unfortunately for plaintiffs, Congress opted for a more limited statute, circumscribing aiding-and-abetting liability to situations where an FTO *itself* had a significant role in a particular attack. *See* 18 U.S.C. § 2333(d)(2). Plaintiffs would erase that limitation entirely and extend liability to circumstances not expressly contemplated by the statutory text.

Third, Plaintiffs' RICO theory is similarly out of step with the statutory text. Plaintiffs argue that they were injured by a 16-year racketeering scheme by JAM and Hezbollah to expel Americans from Iraq, which plaintiffs refer to as the "Jaysh al-Mahdi-Hezbollah Campaign." TAC ¶¶ 3190-3207; Pls.' Opp'n at 58-61. According to plaintiffs, that Campaign, which covers hundreds of separate attacks, constitutes an "act of terrorism" under § 2333(d)(2) that was "planned" or "authorized" by Hezbollah. *See* TAC ¶¶ 3191-92, 3202, 3206. I am not persuaded. The ATA imposes aiding-and-abetting liability for "an injury arising from *an act* of international terrorism committed, planned, or authorized" by an FTO. § 2333(d)(2). To say the least, it would be quite unnatural to read that statutory language, as plaintiffs do, to mean that the "act" causing injury was not the particular attack in which a plaintiff was injured, but instead a collection of hundreds of attacks spanning 16 years. *Cf. Taamneh v. Twitter, Inc.*, 343 F. Supp. 3d 904, 915-16 (N.D. Cal. 2018) (rejecting plaintiffs' argument that "act of international terrorism" encompassed all of ISIS's terrorist operations, rather than a specific attack). Plaintiffs cannot collapse

numerous attacks into one overarching campaign purportedly orchestrated by Hezbollah. Indeed, that argument appears to be yet another attempt to skirt the requirement that an FTO "plan" or "authorize" the particular "act of international terrorism," and it fails for the same reasons noted above.

Even if plaintiffs established that an FTO committed, planned, or authorized some of the attacks, they failed to plead that defendants substantially assisted *JAM* in carrying out the alleged acts of terrorism. To impose aiding-and-abetting liability, the ATA requires that a defendant "knowingly provid[ed] substantial assistance . . . [to] the person who committed" the act of international terrorism. 18 U.S.C. § 2333(d)(2). But plaintiffs allege that defendants provided medical goods and devices to the Ministry, not JAM. *See, e.g.* TAC ¶ 128. As numerous courts have held, plaintiffs "fail[ure] to allege a direct link between the defendants and the individual perpetrator" warrants dismissal of their aiding-and-abetting liability claims. *Crosby v. Twitter, Inc.*, 921 F.3d 617, 627 n.6 (6th Cir. 2019) (collecting cases and noting that courts "routinely dismiss" aiding-and-abetting ATA claims on that basis).

Even assuming defendants were sufficiently connected to JAM, plaintiffs' allegations fail to establish that any assistance was "substantial." For the assistance to be "substantial," the ATA "requires more than the provision of material support to a designated terrorist organization." *Linde v. Arab Bank, PLC*, 882 F.3d 314, 329 (2d Cir. 2018). Rather, "the secondary actor [must] be 'aware' that, by assisting the principal, it is itself assuming a 'role' in terrorist activities." *Id.* (quoting *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983)); *accord Crosby v. Twitter, Inc.*, 303 F. Supp. 3d 564, 574 (E.D.

Mich. 2018), *aff'd*, 921 F.3d 617 (6th Cir. 2019). And, in enacting JASTA, Congress noted that the six factors identified in our Circuit Court's decision in *Halberstam v. Welch* were useful in determining "how much encouragement or assistance is substantial enough." 705 F.2d at 478; 18 U.S.C. § 2333 Statutory Note (Findings and Purpose (a)(5)). Those factors are: (1) the nature of the act encouraged, (2) the amount of assistance given by defendant, (3) defendant's presence or absence at the time of the tort, (4) defendant's relation to the principal, (5) defendant's state of mind, and (6) the duration of defendant's assistance. 705 F.2d at 483-84. When applied to plaintiffs' allegations, however, the *Halberstam* factors demonstrate defendants' purported aid was *not* substantial.

In evaluating the first and second factors, *Halberstam* asks whether the act was "heavily dependent" on the assistance provided, or whether the assistance was "indisputably important" to, or an "essential part of" the act. 705 F.2d at 488. Plaintiffs allege that defendants provided the Ministry with medical supplies and equipment, and that JAM subsequently obtained and used those goods for financial gain, which in turn helped them perpetrate terrorist attacks that harmed plaintiffs. *See* TAC ¶¶ 3, 128. They do not allege that defendants directly assisted JAM itself, or even that defendants indirectly provided goods that would plainly assist JAM in its terrorist enterprise, like "instructions on how to build a bomb or obtain an assault rifle." *Crosby*, 303 F. Supp. 3d at 574. Instead, plaintiffs seek to impose liability for defendants' provision of medical supplies like ultrasound machines and catheters. Those allegations do not plausibly suggest that JAM's attacks were "heavily dependent" on defendants' purported assistance, or that defendants' provision of medical goods was "indisputably important" to the terrorist attacks.

27

*Halberstam*, 705 F.2d at 488. At most, they suggest defendants provided general support to JAM through their contracts with the Ministry. But absent a link between that support and the principal violation, defendants' purported assistance is not substantial. With respect to the third and fourth factors, plaintiffs concede defendants were not present at any of the attacks, nor did they have a special relationship with JAM. Pls.' Opp'n at 49-50.

The fifth factor—state of mind—also weighs against finding that defendants' alleged assistance was substantial. In *Halberstam*, our Circuit Court considered whether the defendant was "one in spirit" with the tortfeasor or "desire[d] to make the venture succeed." 705 F.2d at 484, 488. Here, plaintiffs allege defendants knowingly provided medical goods to the Ministry for economic gain and were aware those goods would be used by JAM to support terrorist attacks. TAC ¶¶ 4, 115; Pls.' Opp'n at 46-47. Those allegations do not even suggest defendants were "one in spirit" with JAM's desire to kill American citizens in Iraq or that defendants intended to help JAM succeed in doing so. *Crosby*, 303 F. Supp. 3d at 574 (noting defendants were not "of a mind to see [the act of terrorism] take place" and concluding aiding and abetting liability "cannot be premised merely on a finding that the defendant knowingly provided support to a designated terrorist organization"); *Taamneh*, 343 F. Supp. 3d at 917 (concluding defendants not "one in spirit" with ISIS where plaintiffs did not allege defendants had "any intent to further ISIS's terrorism").

Finally, defendants contend the sixth factor—duration of the aid provided—"does not play a significant role here in light of the other factors." Defs.' Mot. at 59 n.75. I agree. Although it is true, as plaintiffs point out, that defendants alleged aid spanned over

28

a decade, that *alone* is not enough to establish that aid was substantial, given the other factors.

Thus, having evaluated all of the factors identified in *Halberstam*, I cannot possibly conclude that defendants "assum[ed] a role" in JAM's terrorist activities such that any assistance was "substantial." *Linde*, 882 F.3d at 329. As such, plaintiffs have failed to state a claim for aiding-and-abetting liability under the ATA. Those claims, accordingly, must be dismissed.

## CONCLUSION

For all of the foregoing reasons, defendants' motions to dismiss are **GRANTED**. A separate order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSHUA ATCHLEY *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Case No. 17-2136 (RJL) |
| | ) | |
| ASTRAZENECA UK | ) | |
| LIMITED, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

July 17, 2020 [Dkt. ## 128, 130]

For the reasons set forth in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that defendants' motion to dismiss [Dkt. # 128] and foreign defendants'

motion to dismiss for lack of personal jurisdiction [Dkt. # 130] are **GRANTED**.

**SO ORDERED**.

RICHARD J. LEON
United States District Judge